509 A.2d 389

**COMMONWEALTH of Pennsylvania**

v.

**Darryl ZIGLER, a/k/a Darryl Ziegler, a/k/a Darrell V. Zigler, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1986.

Filed May 16, 1986.

Petition for Allowance of Appeal Denied Oct. 8, 1986.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

OLSZEWSKI, Judge:

Appellant challenges his jury conviction on charges stemming from sexual assaults on three children on the grounds that the trial court abused its discretion by allowing three separate informations charging sex related offenses to be consolidated for trial, and that prejudicial comments in the Commonwealth's closing argument deprived appellant of a fair trial. We find no merit in appellant's arguments and affirm the judgment of sentence of the court below.

On March 24, 1981, a thirteen year old girl was walking to school when a man grabbed her from behind and thrust a knife in front of her face. He dragged her through an alley and into a garage where he forced her to engage in anal intercourse with him. Although her assailant wrapped a towel around her face, the girl was able to "inch" the towel away from her eyes and see her attacker.

On July 10, 1981, a man approached a group of boys who were playing in a local schoolyard, and asked if anyone wanted to make a quick dollar. When the boys did not answer him, the man walked away, but one of the boys, an eleven year old, followed him. The man grabbed the boy and dragged him into a garage where he forced the child to engage in anal intercourse with him.

On August 4, 1981, an eleven year old girl was returning home from a candy store located three blocks away. A man grabbed her from behind and put a gun to her back. He forced her down the street in the direction of a school playground. The man took the girl behind a tree in back of the school where he forced her to engage in anal intercourse and other sexual acts with him. He then laced her vagina with dirt.

All three child-victims identified appellant as their attacker. The younger girl selected appellant in both a photo array and a police lineup. The boy was adamant in his identification of appellant during a photo array and also identified appellant as his assailant during trial.

Appellant claims that the lower court erred in denying his motion for separate trials and consolidating the three criminal informations for trial. We disagree.

At the time of appellant's trial Rule 219(b) of the Pennsylvania Rules of Criminal Procedure was dispositive of this issue.[1] That rule provides that "two or more offenses ... may be charged in the same indictment if they are of the same or similar character...." Pa.R.Crim.P. 219(b). "Although the rule applies specifically to joinder of offenses, (our Supreme Court) has found it equally applicable to the consolidation for trial of separate indictments or informations." *Commonwealth v. Morris*, 493 Pa. 164, 170, 425 A.2d 715, 717–718 (1981). *See also, Commonwealth v. Moore*, 321 Pa.Super. 1, 467 A.2d 862 (1983).

The propriety of consolidating indictments for trial is within the discretion of the trial judge, and will only be overturned where there has been a "manifest abuse of discretion or prejudice and clear injustice to the defendant." *Morris*, 493 Pa. at 171, 425 A.2d at 718. Such abuse will not be found where evidence of each particular crime would be admissible in separate trials of the other offenses, and the evidence is separable and distinct. *Morris*, 493 Pa. at 170–174, 425 A.2d at 718–719; *Commonwealth v. King*, 290 Pa.Super. 563, 573, 434 A.2d 1294, 1299 (1981).

In *Morris*, the Supreme Court held that "offenses may be joined or indictments may be consolidated where the separate offenses show the defendant's unusual or distinc-

---

1. The controlling law on this subject is now contained in Pennsylvania Rule of Criminal Procedure 1127 which became effective July 1, 1982. Rule 1127 provides that:
   (1) Offenses charged in separate indictments or informations may be tried together if:
   (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion.
   Pa.R.Crim.P. 1127(A)(1). Since Rule 1127 codified the already existing standard, analysis under either rule is the same.

tive *modus operandi.* " *Morris,* 493 Pa. at 176, 425 A.2d at 720. Evidence of other crimes is admissible where proof of one crime naturally tends to show who committed the other. *Id. Commonwealth v. Laurenson,* 323 Pa.Super. 46, 470 A.2d 122 (1983).

The circumstances of the three criminal episodes consolidated for trial here were sufficiently similar, and the offenses were sufficiently linked temporally and spatially to make them admissible in separate prosecutions and to support consolidation for trial. Additionally, none of the fact situations is so complicated nor are any of the incidents intertwined so as to confuse the jury or make the jury incapable of separating the offenses. For these reasons the lower court did not abuse its discretion when it allowed the three informations to be consolidated for trial.

Appellant's second argument is that prejudicial comments made by the prosecutor during closing argument deprived appellant of a fair and impartial trial and constitute reversible error. There is some question of whether objection was made at trial to the remarks appellant challenges, or was waived. *See Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Davenport,* 462 Pa. 543, 342 A.2d 67 (1975). Our Supreme Court has "consistently ruled that comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. McNeal,* 456 Pa. 394, 400, 319 A.2d 669, 673 (1974). The challenged remarks do not fall within this category, nor do they belong to that class of forbidden remarks in which the prosecutor expresses his personal belief. *See Id.*

Judgment of sentence affirmed.