540 A.2d 573

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Frank CHIN.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1988.

Filed April 15, 1988.

---

164

Catherine Marshall, Assistant District Attorney, Philadelphia, for Com., appellant.

Gerald A. Stein, Philadelphia, for appellee.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

CIRILLO, President Judge:

The Commonwealth appeals an order of the Court of Common Pleas, Philadelphia County, granting Frank Chin, a resident alien, a new trial under the Post Conviction Hearing Act, 42 Pa.C.S. §§ 9541-9551. We reverse.

Frank Chin entered a guilty plea to charges of possession of a controlled substance and possession of a controlled substance with intent to deliver. He was sentenced to two years probation and a three hundred dollar fine. Approximately two years later, defendant filed a petition for relief under the Post Conviction Hearing Act alleging that his counsel, Mr. McWilliams, was ineffective for failing to advise him of the possible deportation consequences of a guilty plea. Chin alleged that as a result of the guilty plea, his immigration status has been seriously jeopardized and he is subject to possible deportation. Chin also alleged that had he known of these consequences, he would not have entered a guilty plea.

Trial counsel testified that he was unaware of the fact that defendant was a resident alien and unaware of the possible consequences of the plea until just prior to entry of the plea when the assistant district attorney brought the situation to counsel's attention. At this time, McWilliams advised Chin of what he had learned and advised him also to seek other counsel experienced in the area of immigration to address those problems. Direct examination of Frank Chin at the hearing on the PCHA petition reveals the following:

Q: What did Mr. McWilliams tell you about what would happen if you received probation—what would happen to you from the Immigration Service?

A: Well, he told me that if I am found guilty I will be deported, but if I wasn't found guilty and on probation I

wouldn't be bothered, the Immigration wouldn't be bothered.

The Court: Would it be correct to say if you were found guilty by a trial you would be deported and if you pled guilty and got probation you would not be deported?

A: That's correct.

Q: (by counsel) Did you understand that you could still be deported even though you pled guilty and were placed on probation?

A: No, I didn't.

Q: If you had known that you would have been subject to deportation from the United States as a result of pleading guilty and being placed on probation, would you have pled guilty?

A: No, I wouldn't plead guilty, sir.

Mr. McWilliams testified as follows:

A: The District Attorney made an offer of probation, one on each count. He also said to me—advised me that I had a problem because my client was not a citizen and he ran the risk of deportation. I went back and advised my client that in either case he ran the risk of being deported. I believe he was on a green card. But he was advised in either alternative. Then we discussed it, and we finally came to the agreement that no matter what happened, whether we tried the case or took the plea, which I felt was to his benefit, he would still run the risk of being deported, and I remember advising him that he would have to get a special attorney for that because it was a specialized deal.

Q: Well, then you explained to him, it's your testimony, that if he either pled guilty or went to trial and was found guilty that he ran the risk of being deported. Isn't that right?

A: Exactly, and it was decided to take the offer of probation, there was no sense in waiting for the trial, that this seemed to be a fair offer.

Q: Do you recall telling Mr. Chin that if he received probation or if he pled guilty that day that he did not risk the chance of deportation?

A: Absolutely not, and in fact, I remember emphasizing the fact that he was in a dilemma either way he went, that he faced deportation. And again, I remember I told him he should get a special attorney with respect to the immigration problem because it was a specialized field.

■ Counsel has a duty to inform a defendant resident alien of the consequences his guilty plea might present with respect to his immigration status and possible deportation. *Commonwealth v. Wellington*, 305 Pa.Super. 24, 28, 451 A.2d 223, 225 (1982). Here, the trial court acknowledged that Mr. McWilliams did, in fact, advise Chin of such probabilities because it faulted McWilliams for doing so at the "eleventh hour." We recognize that counsel advised his client late in the proceedings, and we realize also that he may not have done so at all had it not been for the assistant district attorney's timely notification to McWilliams. However, the determination of ineffectiveness in this case does not rest on *when* Chin was advised of his dilemma, but rather *if* he was so advised. *See Wellington*, 305 Pa.Super. at 28, 451 A.2d at 225.

■ In order to support a claim of ineffectiveness, the defendant must demonstrate that the underlying issue is of arguable merit. If so, inquiry must then be made into whether or not the course of action chosen by counsel was reasonably designed to protect the defendant's best interests. *Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10 (1986); *Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167 (1986); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Finally, the defendant must show that he was actually prejudiced as a result of counsel's ineffectiveness. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). The law presumes that counsel was effective, therefore the burden of establishing ineffectiveness rests squarely upon the appellant. *Commonwealth v. Ellis*, 354 Pa.Super. 11, 510 A.2d 1253 (1986).

■ We find that appellant has failed to establish that his is claim is of arguable merit. Counsel testified that he discussed the issue and the alternatives with his client. The PCHA court, in its findings, did not disagree. The court found that counsel in fact advised Chin of the consequences of his guilty plea, albeit at the "eleventh hour." The court stated: "Counsel ... should have advised the defendant of the plea consequences before the 'eleventh hour' prior to entering the plea." The court also found that counsel admitted that he was inexperienced in immigration law and advised Chin to seek other counsel to address those problems. We cannot find counsel ineffective under these circumstances. The fact that counsel's advice was rendered just prior to entry of the guilty plea does not constitute ineffectiveness. *See Commonwealth v. Nero*, 250 Pa.Super. 17, 378 A.2d 430 (1977); *see also Commonwealth v. Austin*, 274 Pa.Super. 1, 417 A.2d 1220 (1980) (a finding of ineffectiveness of counsel cannot rest merely on the fact that counsel did not extensively consult with his client); *Commonwealth v. Weakland*, 273 Pa.Super. 361, 417 A.2d 690 (1979) (mere shortness of time spent conferring with a client does not constitute a basis for a finding of ineffectiveness). Allegations of ineffectiveness of counsel in connection with a guilty plea will provide a basis for relief only if ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. West*, 336 Pa.Super. 180, 485 A.2d 490 (1984); *Commonwealth v. Owens*, 321 Pa.Super. 122, 467 A.2d 1159 (1983).

After reviewing the record, we are inclined to agree with the Commonwealth that Chin understood that he faced the risk of deportation if he proceeded to trial, and faced the same risk if he entered a guilty plea. We also agree with the Commonwealth that Chin made a reasoned decision to choose guaranteed non-confinement with the guilty plea rather than risking imprisonment from a conviction following trial. The court's order withdrawing the guilty plea and granting a new trial is reversed.

Order reversed.