567 A.2d 673

COMMONWEALTH of Pennsylvania

v.

**William D. NELSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 1989.

Filed Dec. 13, 1989.

420

Maryann F. Swift, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, KELLY and CERCONE, JJ.

CERCONE, Judge:

Appellant, William D. Nelson, was charged with recklessly endangering another person,[1] theft by unlawful taking or disposition,[2] theft by receiving stolen property,[3] simple assault,[4] robbery,[5] possessing an instrument of crime generally[6] and possessing an instrument of crime in the form of a concealed instrument.[7] After a jury trial, appellant was convicted of all counts. Motions for new trial and in arrest of judgment were filed timely, argued and denied. Appellant was sentenced to five (5) to ten (10) years incarceration on the robbery count and a concurrent term of one (1) to five (5) years incarceration for the two offenses related to possessing an instrument of crime. For the purposes of sentencing, the other crimes merged with the robbery offense.

Trial counsel timely filed a notice of appeal, but we dismissed this appeal when he failed to file a brief on appellant's behalf. After appellant filed a petition under the Post–Conviction Relief Act, (hereinafter referred to as "PCRA"), the PCRA court reinstated his appellate rights. New counsel filed a notice of appeal and instant counsel was appointed to represent appellant. We affirm the judgment of sentence.

As determined by the lower court, the facts underlying this case are as follows. On November 10, 1985, at approximately 6:30 p.m., the appellant, armed with a gun entered the Mobil gas station at Roosevelt Boulevard and Rhawn Street in Philadelphia County and proceeded to rob the gas station attendant at gunpoint. The armed man forced the gas station attendant to open up the cash register and empty its contents, along with rolls of change not in the

1. 18 Pa. C.S.A. § 2705.
2. *Id.* § 3921.
3. *Id.* § 3925.
4. *Id.* § 2701.
5. *Id.* § 3701.
6. *Id.* § 907(a).
7. *Id.* § 907(b).

cash register, into a plastic bag.[8]   The amount of money taken was in excess of $200.

Appellant raises six issues for our review: (1) whether the lower court erred in not granting a continuance to allow an alibi witness to testify when she was out of the jurisdiction but was expected to return within a week of the trial date; (2) whether trial counsel was ineffective for failing to file a notice of alibi witness and for failing to argue the first issue in post-trial motions; (3) whether the trial court erred in allowing the Commonwealth to introduce evidence of a prior robbery under the identification exception to the general rule that evidence of prior criminal conduct is not admissible to prove guilt; (4) whether the lower court erred in not using a jury instruction requested by appellant; (5) whether the trial counsel was ineffective for failing to argue the fourth issue in post-trial motions; and (6) whether the prosecutor committed prosecutorial misconduct when in closing he referred to a prior proceeding at which the fairness of the identification was determined.   We will address each issue *seriatim*.

Appellant's initial claim is that the lower court erred in not granting a continuance to allow an alibi witness to testify.   Appellant alleges in his brief that the witness was out of the jurisdiction but expected to return within a week of the trial date.   Initially, we note that there is nothing in the record to indicate that appellant requested a continuance.   We must decide a case on the basis of the facts of record and not on allegations of fact contained in a party's appeal brief.  *Commonwealth v. Marchesano*, 348 Pa.Super. 387, 502 A.2d 597 (1985), order vacated on other grounds, *Commonwealth v. Marchesano*, 519 Pa. 1, 544 A.2d 1333 (1988).   Further, although this issue was included in appellant's post-verdict motions, it was not briefed or argued.   We are required to deem those issues identified on

---

**8.** Although the lower court in its opinion indicates that the armed man had a paper bag, both the Commonwealth and the appellant correctly point out that the testimony established that it was a plastic bag.   This inaccuracy on the part of the lower court as to this particular fact does not affect the result reached.

appeal but unsupported by argument in the brief to have been abandoned. *Commonwealth v. Jackson,* 494 Pa. 457, 459 n. 1, 431 A.2d 944, 945 n. 1 (1981); *Commonwealth v. Gibbons,* 379 Pa.Super. 285, 295, 549 A.2d 1296, 1301 (1988); Pa. R.A.P., Rule 2119, 42 Pa. C.S.A. In the lower court opinion, the trial judge concluded that this issue was waived for this reason. We agree with the lower court and find that the appellant waived his right to appellate review on this issue.

Appellant's second argument involves a claim of ineffective assistance of trial counsel. Claims of ineffectiveness of counsel are subject to a three part analysis. First, it must be demonstrated that the underlying claim is of arguable merit. Next, it must be determined whether counsel's choice of action had some reasonable basis designed to effectuate his client's interests. Finally, a showing must be made of how counsel's choice of action prejudiced the client. *Commonwealth v. Tavares,* 382 Pa.Super. 317, 321, 555 A.2d 199, 201 (1989) (*citing Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987)). The law presumes that counsel was effective, so that the burden of establishing ineffectiveness rests squarely upon the defendant. *Commonwealth v. Chin,* 373 Pa.Super. 163, 540 A.2d 573 (1988). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Silo,* 509 Pa. 406, 502 A.2d 173, (1985); *Commonwealth v. Cook,* 383 Pa.Super. 615, 557 A.2d 421 (1989). Since appellant's contention is that his trial counsel was ineffective for failing to file a notice of alibi witness and for failing to argue the first issue in post-trial motions, we must consider the underlying merits of the first issue.

An "alibi" is a defense that places the defendant at the relevant time in a different place than the scene involved and so far removed therefrom as to render it impossible for him to be the guilty party. *Commonwealth v. Pounds,* 490 Pa. 621, 631, 417 A.2d 597, 602 (1980) *quoting Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A.2d 563, 566 (1963). In the instant case, appellant alleges that if

given the opportunity, his aunt would have testified that on the date of the crime, he had been staying with her in her Pennsauken, New Jersey home for approximately two weeks. First, we note that appellant had sufficient time to ensure that his aunt was present for the trial so that she could testify as to this alibi defense. Second, we have no indication of what prevented her from being present at the trial other than that she was out of the jurisdiction. Further, appellant does not allege that his aunt would be able to place him with her at the exact time in question. Appellant instead vaguely indicates that he was living with her for two weeks at the relevant time. Finally, appellant could have testified on his own behalf and asserted this alibi defense. While appellant had this opportunity, he did not attempt to offer this defense himself. He instead chose to exercise his right not to testify.

Based on the limited information before us, and assuming *arguendo*, that there was a motion for continuance, we find that the lower court did not abuse its discretion in denying the motion for continuance. Appellant has not shown that his aunt would qualify as an alibi witness. Under these circumstances, we cannot say that trial counsel's failure to file a notice of alibi witness and to argue this issue in post-trial motions was an unreasonable decision as it relates to the alibi defense. *Commonwealth v. Early*, 377 Pa.Super. 219, 546 A.2d 1236 (1988) (wherein we held that robbery defendant's counsel was not ineffective for failing to call alibi witness absent showing that witness would have testified unequivocally as to defendant's whereabouts at time of crime).

■ Appellant's third claim is that the trial court erred in allowing the Commonwealth to introduce evidence of a prior robbery. As a general rule, evidence of one crime is inadmissible against a defendant being tried for another crime because the fact of the commission of one offense is not proof of the commission of another. *Commonwealth v. Clayton*, 506 Pa. 24, 483 A.2d 1345 (1984). Exceptions to this rule exist such that evidence of other crimes is admissi-

ble when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, i.e. where there is such a logical connection between the crimes that the proof of one will naturally tend to show that the accused is the person who committed the other. *Commonwealth v. Morris,* 493 Pa. 164, 425 A.2d 715 (1981). Additional exceptions are applicable if the probative value of the evidence outweighs the tendency to prejudice the jury. *Commonwealth v. Banks,* 513 Pa. 318, 521 A.2d 1 (1987), *cert. den. Banks v. Pennsylvania,* 484 U.S. 873, 108 S.Ct. 211, 98 L.Ed.2d 162 (1988). Even if a particular exception applies, the trial court must balance the need for the evidence against its potential prejudice in order to determine its admissibility. *Commonwealth v. Shirey,* 333 Pa.Super. 85, 481 A.2d 1314 (1984), appeal after remand, 343 Pa.Super. 189, 494 A.2d 420 (1985) overruled on other grounds by *Commonwealth v. Anderson,* 379 Pa.Super. 589, 550 A.2d 807 (1988). A trial court's decision to admit evidence of other crimes committed by a defendant will not be reversed on appeal unless the trial court abused its discretion. *Commonwealth v. Green,* 351 Pa.Super. 170, 505 A.2d 321 (1986).

In the case presently before us, the lower court permitted the Commonwealth to introduce evidence with regard to a previous robbery that the appellant allegedly committed. However, the lower court specifically instructed the jury as to the limited purpose for which this evidence was admitted and directed them not to consider the prior occurrence in reaching their decision in the instant case. The similarities between these two crimes are as follows: (1) they both occurred at Mobil gasoline service stations; (2) both stations were on Roosevelt Boulevard; (3) the stations were within a quarter mile of each other; (4) both robberies occurred within a week of each other; (5) both incidents involved a young black male; (6) the robber exclaimed:

"This is a holdup" in both cases; (7) there was a tendency to socialize with the victim in each instance; (8) a chrome-plated revolver was used in both robberies; and (9) the perpetrator in each case provided a plastic bag to his victim to contain the money. In addition, appellant was positively identified by the two victims, i.e. the gas station attendant from each of the two Mobil stations.

Appellant attempts to undermine the significance of these identifications by pointing out that one victim described the robber as being 5'10" and 150 pounds while the other victim described him as being 5'8" and 150 to 180 pounds. Appellant alleges that he is actually 5'4" and 121 pounds and the victims must have incorrectly identified him as the robber. Trial counsel thoroughly cross-examined each of the victims on this discrepancy at trial. In response to this questioning, the victims explained that they concentrated more on the robber's facial characteristics than on his height and weight. One of the victims further testified that he was not a good judge of height and weight.

We are not persuaded by appellant's concern with regard to this distinction. It is reasonable that the jury believed the victims' explanation for their poor estimate of the perpetrator's height and weight. It is within the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded to the evidence produced. *Commonwealth v. Favinger*, 358 Pa.Super. 245, 516 A.2d 1386 (1986). We will not engage in a reevaluation of the testimony of witnesses found credible by the jury. *Commonwealth v. Nelson*, 337 Pa.Super. 292, 486 A.2d 1340 (1984). The decision of the fact finder with respect to the credibility of a witness will not be disturbed unless the evidence offered is so unreliable and/or contrary as to make any verdict based thereon pure conjecture. *Commonwealth v. Kerston*, 333 Pa.Super. 343, 482 A.2d 600 (1984). It is the prerogative of the fact finder to believe all, part, or none of the evidence presented. *Commonwealth v. Lyons*, 382 Pa.Super. 438, 555 A.2d 920 (1989).

Based on the fact that the lower court instructed the jury as to the limited purpose of the admission of evidence of the prior occurrence, the similarities set forth above and the positive identification of the appellant by the victims, we find that the lower court did not abuse its discretion by permitting the Commonwealth to introduce evidence with regard to the previous robbery. *See Commonwealth v. Zigler*, 353 Pa.Super. 168, 509 A.2d 389 (1986) (wherein we held that evidence of other crimes is admissible where the proof of one crime naturally tends to show who committed the other crime). Finding no merit to appellant's third contention, we affirm the decision of the lower court on this issue.

Appellant's fourth argument is that the lower court erred in not using a jury instruction requested by appellant on the issue of identification testimony. However, it is well settled that the trial court is not required to accept language submitted by counsel but rather is free to select its own form of expression in instructing the jury. *Commonwealth v. Smith*, 511 Pa. 343, 513 A.2d 1371 (1986) *cert. den. sub nom. Smith v. Pennsylvania*, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987). It is equally well settled that there is no right to a particular form of instruction. *Commonwealth v. Alvin*, 357 Pa.Super. 509, 518, 516 A.2d 376, 381 (1986) (*en banc*) *allocatur den.* 515 Pa. 603, 529 A.2d 1078 (1987). Upon review, jury instructions must be read and considered as a whole; error cannot be predicated on isolated excerpts as it is the general effect of the charge that controls. *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978). The only issue we may consider on appeal is whether the jury instruction framed by the lower court adequately and accurately presents the relevant law of Pennsylvania. *Commonwealth v. McComb*, 462 Pa. 504, 509, 341 A.2d 496, 498 (1975); *Commonwealth v. Bryant*, 316 Pa.Super. 46, 462 A.2d 785 (1983)

In the instant case, it is clear from reading the entire charge on identification evidence that no prejudicial error was committed. The trial judge began his instruction

by noting that a mistake can be made in identifying a person even by a witness who is attempting to be truthful. The lower court then set forth the factors to consider in determining whether or not to accept as accurate the identification testimony. Finally, the trial judge explained that the jury must make the determination as to the credibility of the testimony presented to them by both Commonwealth and defense witnesses. We see no error in the lower court's presentation, nor has appellant drawn our attention to any specific error of law. Finding no merit to appellant's fourth contention, we necessarily reject his fifth argument that trial counsel was ineffective for failing to argue this issue in post-trial motions. *See Commonwealth v. Silo,* 509 Pa. 406, 502 A.2d 173, (1985) and *Commonwealth v. Cook,* 383 Pa.Super. 615, 557 A.2d 421 (1989) (counsel will not be deemed ineffective for failing to assert a baseless claim).

The final issue before us is whether the prosecutor committed prosecutorial misconduct when in closing he referred to a prior proceeding at which the fairness of the identification was determined. The decision of whether the language employed by a prosecutor has violated the standards of permissible conduct is not for the appellate court to make. *Commonwealth v. D'Amato,* 514 Pa. 471, 489–91, 526 A.2d 300, 309 (1987). Rather, it is the duty of the trial judge to rule upon prosecutorial comments. *Id.* Our scope of review on appeal is limited to whether the trial court abused its discretion in making this determination. *Id.; Commonwealth v. Brawner,* 381 Pa.Super. 265, 276, 553 A.2d 458, 462–63 (1989). When appropriateness of a prosecutor's statement is in question, a new trial will not be granted unless it is inevitable that the prosecutor's remark prejudices defendant to such a degree that it prevents the jury from weighing the evidence and rendering a true verdict. *Commonwealth v. Sheaff,* 365 Pa.Super. 613, 530 A.2d 480 (1987). Not every improper remark made by a prosecutor requires granting of a new trial and allegedly improper remarks must be read in the context of the case as a whole, with a particular view to the evidence presented

and reasonable inferences drawn therefrom, in order to determine whether they are indeed prejudicial. *Commonwealth v. Dennis,* 313 Pa.Super. 415, 460 A.2d 255 (1983). All reasonable inferences that may be derived from the evidence presented are permissible. *Commonwealth v. Beasley,* 504 Pa. 485, 495, 475 A.2d 730, 736 (1984).

■■■■■ In the instant case, appellant complains that there was prosecutorial misconduct during the Commonwealth's closing argument. Specifically, appellant alleges that the assistant district attorney committed prosecutorial misconduct when in closing he told the jury that the identification of appellant by the witnesses was not suggestive as the Judge had already ruled on the issue during pretrial omnibus motions. During closing argument, the prosecutor actually stated:

> Now, the defense attorney read you some lines of a famous case called *United States v. Wade,* about the vagaries or problems you run into of identification. We know that. That's why we had a hearing before this case, to decide whether there was anything unfair about the identification.

Before the prosecutor could continue with this argument, defense counsel immediately objected and asked for a mistrial. The decision of whether to declare a mistrial of a criminal prosecution is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Commonwealth v. Larkins,* 340 Pa. Super. 56, 489 A.2d 837 (1985). The trial judge denied the motion for a mistrial, but carefully instructed the jury that they were not to consider any reference to any hearing that took place prior to the beginning of the trial. He also cautioned the prosecutor that he was not to make any further references to anything of this nature in his argument. The assistant district attorney complied with the lower court's instruction and refrained from making any further such references. We agree with the lower court that this problem was resolved during the course of the trial. There was no need for the lower court to declare a

430

mistrial. Trial counsel properly objected and the trial judge took the necessary action to correct the prosecutor's attempt at misconduct. The lower court did not abuse its discretion in denying appellant's motion for a mistrial. We affirm the decision of the lower court on this issue.

Judgment of sentence affirmed.