J-S06038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LARON PHILMORE | |
| Appellant | No. 2758 EDA 2015 |

Appeal from the Judgment of Sentence April 4, 2005
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0306321-2004

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 08, 2017**

Appellant, Laron D. Philmore, appeals *nunc pro tunc* from the judgment of sentence  entered in the Philadelphia County Court of Common Pleas following a jury trial and his convictions for voluntary manslaughter,[1] carrying a firearm without a license,[2] and carrying firearms on a public street.[3]  Appellant pleaded guilty to persons not to possess firearms.[4] Appellant challenges the weight and sufficiency of the evidence.  We affirm.

The trial court summarized the procedural history of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2503.

[2] 18 Pa.C.S. § 6106.

[3] 18 Pa.C.S. § 6108.

[4] 18 Pa.C.S. § 6105.

On April 4, 2005, [the trial court] sentenced [Appellant] to a total term of seven (7) to fourteen (14) years of imprisonment.

No direct appeal was filed on [Appellant's] behalf. His judgments of sentence, therefore, became final on May 4, 2005.

On January 6, 2006, [Appellant] timely filed a *pro se* [Post Conviction Relief Act] PCRA Petition. Earl Kaufmann, Esquire, was subsequently appointed to represent [Appellant]. Attorney Kaufmann filed a ***Finley***[5] letter stating that in his professional opinion, the issues raised by [Appellant] in his *pro se* petition were without merit and did not entitle [him] to relief. Having concluded that there were no other issues that could be raised on behalf of [Appellant], Attorney Kaufmann sought and was subsequently granted permission to withdraw as counsel.

Thereafter, Lee Mandell, Esquire, was appointed to represent [Appellant.] Attorney Mandell filed an amended PCRA Petition on [Appellant's] behalf. In his Amended Petition, [Appellant] sought PCRA relief in the form of reinstatement of his direct appellate rights *nunc pro tunc*.

On August 18, 2015, [Appellant's] motion to file an appeal *nunc pro tunc* was heard and granted. On September 11, 2015, [Appellant], through his counsel, filed a timely Notice of Appeal *Nunc Pro Tunc*.

On February 26, 2016, this court ordered counsel for [Appellant] to file a Concise Statement of Matters Complained of on appeal pursuant to Pa.R.A.P. § 1925(b). On March 14, 2016, [Appellant] filed a Statement of Matters Complained of on Appeal.

Trial Ct. Op., 5/25/16, at 1-2 (footnote omitted). The trial court filed a responsive opinion.

Appellant raises the following issues for our review:

_____

[5] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> 1. Is [Appellant] entitled to an Arrest of Judgment on the charge of Voluntary Manslaughter and any related charges where the evidence is insufficient to sustain the verdict and where the Commonwealth did not prove beyond a reasonable doubt that [Appellant] had failed to act in self-defense?
>
> 2. Is [Appellant] entitled to a new trial where, as here, the greater weight of the evidence does not support the verdict?

Appellant's Brief at 3.

As a prefatory matter, we consider whether Appellant has waived his sufficiency of the evidence claim. Appellant's sufficiency argument consists of the following, reproduced verbatim.

> In ruling on a sufficiency claim, all of the evidence must be read in the light most favorable to the Commonwealth and the Commonwealth is entitled to all reasonable inferences arising there from. **Commonwealth v. Boyle**, 368 A.2d 661 (Pa. 1977). If, under the standard, the evidence is not sufficient to sustain the charge, the [c]ourt is required to dismiss the case and discharge the defendant. **Commonwealth v. Poindexter**, 375 A.2d 384, aff'd 399 A.2d 390 (Pa. 1979).[6] Most obviously, the due process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. **See**, **In Re: Winship**, 397 U.S. 358 (1970). While the Commonwealth is entitled to all reasonable inferences arising from the evidence there is no statutory authority or case law which would provide the Commonwealth with the benefit of unreasonable inferences.
>
> Here, the greater weight of the evidence only places [Appellant] on the street at the time he shot the victim. However, the evidence does not establish, other than by

_____

[6] We note that the Pennsylvania Supreme Court reversed this Court in **Poindexter**. **See id.** at 391.

- 3 -

what [Appellant] himself told the [c]ourt, what occurred that lead [sic] to the shooting. [Appellant] claimed that he shot in self-defense. The Commonwealth could not refute that. Accordingly, the greater weight of the evidence supports [Appellant's] claim that he shot in self-defense and the greater weight of the evidence supports the fact that the Commonwealth did not prove beyond a reasonable doubt that [Appellant] had failed to act in self-defense. Thus, [Appellant] must be awarded a new trial as the verdict is not supported by the greater weight of the evidence.

Appellant's Brief at 9-10.

In **Commonwealth v. Johnson**, 985 A.2d 915 (Pa. 2009), our Supreme Court opined: "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Id.** at 924 (citation omitted). The argument section of Appellant's brief fails to mention, let alone discuss, any of the elements of the offenses for which the evidence is insufficient. Appellant fails to provide any discussion of the sufficiency of the evidence with citation to legal authority. **See id.** Therefore, this issue is waived. **See id.**

Appellant's second issue, *viz.*, that the "greater weight of the evidence does not support the verdict" is not addressed in the argument section of his brief. **See** Pa.R.A.P. 2119(a) (stating that our Appellate Rules mandate that an appellant must develop an argument with citation to and analysis of relevant legal authority). **See also Commonwealth v. Nelson**, 567 A.2d 673, 676 (Pa. Super. 1989) (stating that we must deem an issue

abandoned, and therefore waived, where it has been identified on appeal but not properly developed in the appellant's brief). We find this issue abandoned and waived. *See id.*

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017