J.S37035/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
          v.   :
  :
DWAYNE SMITH,   :   No. 2715 EDA 2019
  :
       Appellant   :

Appeal from the PCRA Order Entered September 5, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009240-2015

BEFORE: SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED DECEMBER 28, 2020**

Dwayne Smith appeals from the September 5, 2019 order, entered in the Court of Common Pleas of Philadelphia County, denying his PCRA petition.[1] After careful review, we affirm.

The facts of this case, as found by the trial court, are as follows:

> [The victims,] Charles Marshall and his wife, Erica Townsend, . . . knew [appellant], who had lived with them in their apartment prior to the incident . . . . At some point, [appellant] was asked to leave over a dispute involving the [victims'] televisions. [Appellant] . . . did not return the keys, which included a "fob", a device to gain access to the building.
>
> [The victims] were in the habit of going to withdraw money from a "MAC" machine in the early morning hours of the first of [the] month, which is when the funds from their social security checks became

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

available. [Appellant] had driven them to do this on several occasions.

Early in the morning hours of July 1, 2015, [the victims] went out to withdraw money, and then returned to their apartment. About one-half hour after returning home they heard a knock on the door. Thinking it was a friend [husband] had seen in the lobby[,] . . . he opened the door, whereupon he encountered [appellant and] an unknown male. The unknown male had a gun. He pushed [husband] into the corner and put the gun to his head. [Appellant] demanded money, stating that if [husband] didn't give it up, he was going to shoot [husband]. They then entered the bedroom where the gun was aimed at [wife]. When [wife] fought for the money, [appellant] said to the unknown male that she must want to get shot. The male then put the gun to [wife]'s head and took $900 from her hands. [The victims] were warned that if they called the police they would be shot. [Appellant] and the male then left.

Video of the apartment building showing [appellant] on the premises [was] shown to [wife] and introduced by stipulation.

[Appellant] was stopped . . . at which time keys and the apartment entry device were found in his vehicle. The keys and device were identified by [the victims] as the same types of keys and device [appellant] had been given when living with them, but which [he] had not returned.

Trial court Rule 1925(a) opinion, 2/13/17 at 2-4 (citations to notes of testimony omitted).

After a bench trial on March 18, 2016, appellant was convicted of two counts of robbery, conspiracy to commit robbery, one count of burglary, two counts of terroristic threats, possessing an instrument of a crime, and various

related offenses."[2] (*Id.* at 1.) Appellant was sentenced to an aggregate term of 11½ to 25 years' imprisonment, followed by 5 years' probation.

Appellant filed a ***pro se*** motion for modification of sentence on August 12, 2016.[3] A counseled appeal[4] was filed on August 17, 2016. The trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b) on both September 26, 2016 and November 16, 2016.[5] Appellant filed his Rule 1925(b) statement on December 7, 2016. A supplemental statement was filed on January 4, 2017. The trial court filed its Rule 1925(a) opinion on February 13, 2017. This court affirmed appellant's judgment of sentence on March 14, 2018. ***See Commonwealth v. Smith***, 2018 WL 1311889 (Pa.Super. March 14, 2018) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our supreme court.

---

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 3502(a)(1)(i), 2706(a)(1), and 907, respectively. As noted by the trial court: "[a]s to some of the charges of which [appellant] was initially found guilty, the [trial c]ourt entered a judgment of acquittal on August 1, 2016 The above-listed charges are only the convictions upon which sentence was imposed." (Trial court Rule 1925(a) opinion, 2/13/17 at 1 n.1.)

[3] The motion was denied by the trial court on August 29, 2016.

[4] We note that appellant was represented by the Public Defender's office at trial and on appeal, albeit by different public defenders.

[5] It is unclear from the record why the trial court entered the second order.

Appellant filed a timely *pro se* PCRA petition on August 3, 2018. Counsel[6] filed an amended PCRA petition on January 4, 2019. On June 25, 2019, the PCRA court filed notice of its intention to dismiss the petition pursuant to Pa.R.C.P. 907. Appellant did not file a response. Appellant's PCRA petition was dismissed on August 1, 2019. On August 6, 2019, the PCRA court granted appellant's motion to vacate the dismissal of his PCRA petition.[7] On September 5, 2019, the PCRA court again dismissed appellant's petition. Appellant filed a timely appeal on September 17, 2019. The PCRA court did not order appellant to file a Rule 1925(b) statement. On September 23, 2019, the PCRA court advised this court that, pursuant to Pa.R.A.P. 1925(a)(1), the findings applicable to this appeal appear in the footnote to its September 5, 2019 order.

On appeal, appellant raises the following issues:

> I. Whether the PCRA court erred in denying [a]ppellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness?
>
> II. Whether the PCRA court erred in not granting relief on the PCRA petition alleging counsel was ineffective for the following:
>
> > [a.] Trial counsel was ineffective for his unjustified failure to file an alibi notice[?]

---

[6] Although the record does not contain an order appointing counsel, it appears that appellant's PCRA counsel was court-appointed.

[7] The motion does not appear of record.

- 4 -

> [b.] Trial counsel was ineffective for failing to raise the issue of video surveillance evidence[?]
>
> [c.] Appellate counsel was ineffective for failing to argue the denial of the motion that the verdict was against the weight of the evidence[?]
>
> [d.] Appellate counsel was ineffective for failing to argue the denial of the motion to reconsider sentence[?]

Appellant's brief at 8.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. *See* 42 Pa.C.S.A. § 9543(a)(3).

Appellant first contends the PCRA court erred in denying his PCRA petition without a hearing. (*See* appellant's brief at 6.) He argues that while

the right to an evidentiary hearing is not absolute, "a [PCRA] court may not summarily dismiss a PCRA petition when the facts alleged in the petition, if proven, would entitle [a]ppellant to relief." (***Id.*** at 16.)

Where a PCRA court has dismissed a petitioner's petition without an evidentiary hearing, as was the case here, we review the PCRA court's decision for an abuse of discretion. ***See Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013), ***certiorari denied***, 574 U.S. 829 (2014). Moreover,

> the right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1273 (Pa. 2016). We, therefore, will proceed to address appellant's four claims concerning the ineffectiveness of his trial and/or appellate counsel.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [a]ppellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014). "A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs." *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007) (citations omitted).

Furthermore, "counsel is presumed to have rendered effective assistance. . . . [A] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Strickland*[8] test, the court may proceed to that element first." *Commonwealth v. Lesko*, 15 A.3d 345, 374 (Pa. 2011) (citations omitted). "If it is clear that [a]ppellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998).

---

[8] *Strickland v. Washington*, 466 U.S. 668 (1984) (holding that to establish ineffectiveness, appellant must show the underlying claim has arguable merit, there was no reasonable basis for counsel's actions or failure to act, and appellant was prejudiced).

"[The] fact-based findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference, particularly where, as here, the PCRA court judge also served as the trial court judge." *Commonwealth v. Martin*, 5 A.3d 177, 213 (Pa. 2010), *certiorari denied*, 563 U.S. 1035 (2011). "[A]s multiple courts have recognized, the trial court is in the best position to review claims related to trial counsel's error in the first instance as that is the court that observed first hand counsel's allegedly deficient performance." *Commonwealth v. Grant*, 813 A.2d 726, 737 (Pa. 2002).

Appellant's first claim of ineffectiveness is that trial counsel was ineffective for failing to file notice of an alibi defense. Appellant alleges that the "[f]ailure to file an alibi defense is of arguable merit" and that he "suffered actual prejudice" as a result, "[a]lthough it cannot be predicted with certainty that the filing of an alibi notice would have changed the outcome of the trial." (Appellant's brief at 19.)

"An alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Hawkins*, 894 A.2d 716, 717 (Pa. 2006) (citations and internal quotation marks omitted). Our appellate courts have noted that a defendant may testify about an alibi defense despite the fact that they did not file any written notice; failure to file such notice only precludes the testimony of other witnesses who

may corroborate a defendant's testimony. **See *Commonwealth v. Nelson***, 567 A.2d 673, 677 (1989), **appeal denied**, 592 A.2d 44 (Pa. 1990). Pennsylvania Rule of Criminal Procedure 567(B)(1) specifically provides:

> If the defendant fails to file and serve the notice of alibi as required by this rule, the court may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, **except testimony by the defendant**, may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

Pa.R.Crim.P. 567(B)(1) (emphasis added).

Here, on direct, appellant was asked whether he was in the apartment building on July 1, 2015.

> [Appellant]: Nope, I was at Broad and Olney.[9]
>
> [Defense Counsel]: What were doing [sic] at Broad and Olney?
>
> [Appellant]: I'm a grinder.
>
> [Defense Counsel]: What is grinding?
>
> [Appellant]: I was hustling.
>
> [The Court]: Is there an alibi defense?
>
> [Defense Counsel]: No, [y]our [h]onor. We don't have -- and with that I have no further questions.

---

[9] As found by a panel of this court, "[t]he intersection of Broad Street and Olney Avenue is a busy commercial and transportation center about 1.2 miles away from the 6600 block of Ogontz Avenue, the scene of the crime." ***Commonwealth v. Smith***, 2018 WL 1311889 *1 n.2 (Pa.Super. March 14, 2018) (memorandum opinion) (citation omitted).

Notes of testimony, 3/18/16 at 108.

On cross-examination, the following exchange occurred:

> [Commonwealth]: Do you have anybody in fact that can come into court to say that you were at Broad and Olney that night?
>
> [Appellant]: Ain't no nobody [sic] here for me.
>
> [Defense Counsel]: Objection.
>
> [The Court]: Just as an alibi, is he claiming to have been some place [sic] else when this happened?
>
> [Defense Counsel]: Yes, [y]our [h]onor.
>
> [The Court]: Well when are you going to get into that? I am striking all of that. Was there notice to of [sic] any of that?
>
> [Commonwealth]: No, there was no notice.
>
> [The Court]: All right. So forget it. It didn't happen. Stricken.
>
> [Defense Counsel]: Yes, sir.

*Id.* at 108-109.

Here, appellant has failed to set forth, in his PCRA petition or his appellate brief, any alibi evidence that would have been subject to the notice requirements of Pennsylvania Rule of Criminal Procedure 567(A). Moreover, appellant has neither identified an alibi witness nor claimed:

> that (1) [a] witness existed; (2) [a] witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the

> witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa. 2009) (citation omitted). Counsel cannot be found ineffective for failing to file an alibi notice where one was not required. ***See Commonwealth v. Sneed***, 45 A.3d 1096, 1115 (Pa. 2012) ("Counsel will not be deemed ineffective for failing to raise a meritless claim."). Further, appellant suffered no prejudice[10] because, as noted by the PCRA court, "[appellant]'s claim of not being at the premises at July 1, 2015, is belied by the video (and still images) showing appellant entering the premises on July 1, 2015." (PCRA court order, 9/5/19 at 1 n.1 ¶ (1); Commonwealth Exhibits 3, 4, and 5.) The PCRA court did not abuse its discretion in finding appellant's first claim of ineffectiveness was without merit, as there were no issues of material fact in controversy.

Appellant's second ineffectiveness claim is that "[t]rial counsel was ineffective for failing to raise the issue of video surveillance evidence." (Appellant's brief at 19.) At trial, appellant's trial counsel stipulated to the admissibility of the video, and that it was "a fair and accurate representation of what the video captured that night in the apartment building." (Notes of testimony, 3/18/16 at 94-95.) Appellant argues that:

---

[10] If there was a Rule 567(B)(1) violation, appellant cannot establish prejudice because there was overwhelming testimony from the victims that appellant had lived with them for months, was one of the perpetrators of the crimes for which he was convicted, and the victims informed the police that appellant was the perpetrator. (***See*** notes of testimony, 3/18/16 at 14, 19, 24, 26, 27, 32-34, 49, 57, 61, 68-71, 77-79, 81, and 89.)

[He] never saw the video himself and when he asked to see the video, he was only show [sic] two black and white still images. This video was not available to appellant during the discovery process. Failure to raise issue of this video evidence is of arguable merit. Additionally, there was no "reasonable basis" for [trial] counsel to fail to raise issue of the video evidence. Finally, [trial] counsel's failure to raise issue of the evidence is of great prejudice to [a]ppellant as the introduction of this evidence impacted the witness identification.

Appellant's brief at 19-20. Appellant, however, does not explain how the video affected the victims' identification testimony.

Here, appellant fails to properly develop his claim and set forth applicable case law, in violation of Pa.R.A.P. 2119(a). The issue is, therefore, waived. *See Commonwealth v. Ellis*, 700 A.2d 948, 957 960, 969 (Pa.Super. 1997) (finding issue waived where appellant fails to develop claim or cite to legal authority in appellate brief), *appeal denied*, 727 A.2d 127 (Pa. 1998); *see also Commonwealth v. Brown*, 161 A.3d 960, 969 (Pa.Super. 2017), *appeal denied*, 176 A.3d 850 (Pa. 2017). Even if we were to review this claim, no relief would be warranted.

As found by the PCRA court, "[t]here is no basis for concluding that the video and still photos were not provided before trial." (PCRA court order, 9/5/19 at 1 n.1 ¶ (2).) "Assuming, *arquendo*, that the video and still photos from the video were not provided pre-trial, [appellant] has not alleged or demonstrated any prejudice he suffered from not having the video and still

images available to him before trial." (*Id.*)  Further, appellant does proffer an expert who would testify that the video and photos do not depict him. (*Id.*)

The PCRA court's findings are supported by the record.  Further, in view of the identification testimony of the victims, appellant cannot establish prejudice.  Thus, appellant's claim of the ineffectiveness of trial counsel, vis-à-vis the admission of the video, lacked merit, and the PCRA court properly dismissed it.

The third claim of ineffectiveness raised by appellant is that his direct appeal counsel failed to argue on appeal that the verdict was against the weight of the evidence.[11]  Appellant contends that the victims contradicted themselves "[o]n nearly every detail," and that the Commonwealth "at trial relied on no other evidence but the oral testimony of" the victims.  (Appellant's brief at 21, 22.)  Initially, appellant's contention is belied by the record.  As found by the trial court, "the physical evidence in the form of the keys and fob in [appellant]'s possession after the incident, along with the video placing him in the lobby of the building at the time of the incident, corroborated the victims' testimony.  (*See* trial court Rule 1925(a) opinion, 2/13/17 at 7 (citations to exhibits omitted).)

---

[11] Appellant's trial counsel filed a motion for extraordinary relief on July 28, 2016, where appellant's claim that the verdict was against the weight of the evidence was addressed in detail.  (*See* appellant's motion for extraordinary relief, 7/28/16 at unnumbered 1-3, ¶¶ 3-27.)  On August 1, 2016, the trial court granted a partial judgment of acquittal.

The appellate standard of review of a weight of the evidence claim is as follows:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and italics omitted).

In its opinion, the PCRA court, which was also the trial court, found that "[a] challenge to the weight of the evidence, even if raised by appellate counsel, would have been meritless. It cannot be said that the verdict was so contrary to the evidence as to shock one's sense of justice." (PCRA court order, 9/1/19 at 2 n.1 ¶ (3), citing *Commonwealth v. Chamberlain*, 30 A.3d 381, 396 (Pa. 2011).)

Appellant has not shown that there was any likelihood for the claim to succeed on direct appeal. As discussed above, the evidence against appellant was strong, and there was no basis to find that the PCRA court palpably abused its discretion in dismissing appellant's weight of the evidence claim. Appellant has not demonstrated that but for direct appellate counsel's failure

to preserve his weight of the evidence claim, the result of his direct appeal would have been different. Furthermore, appellant has raised no genuine issues of material fact. Accordingly, we conclude the PCRA court did not abuse its discretion in dismissing appellant's claim that direct appellate counsel was ineffective for failing to raise the issue on direct appeal because it is supported by the record and free from legal error.

Appellant's final claim of ineffectiveness is that direct appeal counsel failed to argue the denial of appellant's motion for reconsideration of sentence on direct appeal. (Appellant's brief at 8.) Appellant contends "the [trial] court did not give sufficient attention to factors such as [a]ppellant's rough childhood upbringing being in and out of group homes and lacking a proper family structure." (*Id.* at 23-24.) He further asserts that "the [trial] court did not state on the record any of the relevant sentencing factors required of a sentencing when imposing a sentence." (*Id.* at 24.)

Here, appellant's brief does not cite to the sentencing transcript in support of his contentions regarding sentencing. *See* Pa.R.A.P. 2119(c) (providing "[i]f reference is made to . . . any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears"). "When an allegation is unsupported [by] any citation to the record, such that this [c]ourt is prevented from assessing [the] issue and determining whether error exists, the allegation is waived for purposes of

appeal." ***Commonwealth v. Williams***, 979 A.2d 387, 393 (Pa.Super. 2009).

Thus, appellant's final claim of ineffectiveness is waived.

We further note, that in addressing appellant's final claim, the PCRA court found as follows:

> A challenge to the discretionary aspects of sentence, even if raised by appellate counsel, would have been meritless. The [trial c]ourt made a clear and complete record regarding the reasons for the sentence imposed. [Appellant] does not raise a substantial question that would have been a basis for appellate review of his sentence, let alone any showing that this [trial] court abused its discretion.

PCRA court order, 9/1/19 at 2 n.1 ¶ (4) (citation to record omitted). Thus, even if appellant had properly preserved this issue, the PCRA court did not abuse its discretion in denying appellant's claim.

Appellant has failed to show that "he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Johnson***, 139 A.3d at 1273. As discussed, there was no merit to appellant's underlying ineffectiveness claims. Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's petition without conducting an evidentiary hearing.

For the foregoing reasons, we affirm the September 5, 2019 order of the PCRA court.

Order affirmed.

J. S37035/20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2020