516 A.2d 1386

COMMONWEALTH of Pennsylvania

v.

**Pamela A. FAVINGER, Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Nov. 5, 1986.

Joshua D. Lock, Harrisburg, for appellant.

John D. Flinchbaugh, Assistant District Attorney, York, for Com., appellee.

Before WIEAND, BECK and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence and denial of a motion for new trial based on after-discovered evidence entered by the Court of Common Pleas of York County. Appellant was charged with two counts each of Theft by Deception, 18 Pa.C.S.A. § 3922, and Theft by Failure to Make Required Disposition of Funds, 18 Pa.C. S.A. § 3927. She was found guilty of all charges by a jury on July 18, 1984. Post-verdict motions were filed and denied. A timely appeal was filed with this Court but was subsequently dismissed without prejudice in order to allow appellant to pursue a motion for new trial based on after-discovered evidence. The motion was denied January 3, 1986.

Despite having made payment by check to Fairview Township for sewer and refuse bills in early 1983, many

township residents did not receive cancelled checks from their banks. When, in April and May, 1983, these residents repeatedly contacted the township to inquire about the matter, the township felt it necessary to determine the cause since some deposits obviously were not being made. Appellant, who was the township bookkeeper, was asked about the problem and, eventually, appellant and other township employees conducted a search of appellant's office in order to locate a particular deposit slip. The search was fruitless and appellant's employment was terminated shortly thereafter.

In order to determine what had happened to the missing checks, the township had its sewer and refuse accounts audited. The audit disclosed a scheme to steal money from the township. Payments of cash to the township had been stolen and the theft was obfuscated by the substitution of subsequently received checks at the time of deposit. In this manner, the bank deposit slips always showed that the proper gross amount had been deposited. Checks from later days' receipts would then be substituted for the checks used to replace the stolen cash and on and on. In order to insure the availability of a sufficient number of checks with which to maintain this scheme, bank deposits were, occasionally, not made at all. In this manner, a total of $1769.52 in cash and 289 checks totally $17,910.63 were stolen from the township.

On March 7, 1985, nearly a year after appellant's conviction, a bank deposit bag containing 288 of the stolen checks was found by a township employee in a large cabinet which, at the time of the theft, had been located in appellant's office. Based upon this discovery, appellant filed a motion for new trial based on after-discovered evidence with the lower court. The motion was denied.

Appellant's first argument is that the evidence presented at trial was insufficient as a matter of law to sustain the verdicts of guilty since the evidence established that she had no more than joint access to and control over the stolen funds.

In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt.

*Commonwealth v. Taylor*, 324 Pa.Superior Ct. 420, 424, 471 A.2d 1228, 1229 (1984). Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty. It is sufficient if the circumstances are consistent with criminal activity even though they might likewise be consistent with innocent behavior. *Commonwealth v. Herman*, 227 Pa.Superior Ct. 326, 323 A.2d 228 (1974). Furthermore, a criminal conviction may be based on purely circumstantial evidence. *Commonwealth v. Sadusky*, 484 Pa. 388, 399 A.2d 347 (1979).

█ Our review of the record leads us to conclude that the evidence presented was sufficient to establish the criminal activity of appellant beyond a reasonable doubt. Although it is true that appellant was not the only person who had access to and control over the funds when they were received by the township, the evidence established that she had exclusive control over the funds between the time of removal from the cash register and deposit in the bank. The evidence also established that appellant did not always deposit the funds in the bank immediately after removal from the cash register. Rather, she often kept the funds in her desk drawer for several days before making a deposit. There were also occasions on which she took the funds home with her, ostensibly to deposit them on the way to work in the morning.

█ In this case, each person who had access to or control over the funds upon receipt testified as a witness. In a criminal prosecution, it is within the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Croll*, 331 Pa.Superior Ct. 107, 480 A.2d 266 (1984). The

finder of fact is free to believe all, part or none of the evidence. *Croll,* supra. The jury resolved the credibility issues against appellant. This resolution of the credibility, together with noncontested factual matters, supports the determination made by the jury of appellant's guilt beyond a reasonable doubt.

Appellant's next argument is that the evidence was insufficient as a matter of law to sustain the verdicts of guilty because no evidence was presented indicating that the checks had value and, as such, that they constituted "property" within the prohibition of Sections 3927 and 3922 of the Crimes Code. "Property" is defined in Section 3901 of the Crimes Code, 18 Pa.C.S.A. § 3901, as:

"Anything of value, including real estate, tangible and intangible property, contract rights choses inaction and other interests in or claims to wealth, admission or transportation tickets, captured or domestic animals, food and drink, electric or other power."

Section 3903 of the Crimes Code, 18 Pa.C.S.A. § 3903, which addresses the grading of theft offenses, provides, in pertinent part:

The value of an instrument constituting an evidence of debt, such as a check, draft or promissory note, shall be deemed the amount due or collectible thereon or thereby, such figure ordinarily being the face amount of the indebtedness less any portion thereof which has been satisfied.

18 Pa.C.S.A. § 3903(c)(2)(i).

■ Clearly, to constitute the subject matter of a theft, an item must have value. Although appellant contends that checks, which are provided by banks without charge, are without value and do not contitute "property" within the meaning of Section 3901, we find that her argument is without merit. The checks involved here were not blank checks, but checks which had the amount to be received filled in and were signed by the maker. The above-cited statutory provisions, particularly Section 3903(c)(2)(i), make

clear that checks do have value and, as such, constitute "property" within the meaning of the Crimes Code.

■■■ Appellant's next contention is that the Commonwealth's failure to provide potentially exculpatory material violated Pa.R.Crim.Pro. No. 305. Rule 305 requires the Commonwealth, upon request, to provide the defense with any evidence favorable to the accused which is material either to guilt or to punishment which is within the possession or control of the attorney for the Commonwealth. Before trial, appellant requested the Commonwealth to produce any evidence which was exculpatory or "arguably favorable" to the defense. There is no dispute that the Commonwealth did provide the defense with all information used and compiled by the township auditors during the audit of the sewer and refuse account. At no time, either before or during trial, did appellant request the Commonwealth to provide the control cards which she now argues are potentially exculpatory. Absent such a specific request, a prosecutor has the duty to make available to the defense evidence that is truly exculpatory, rather than merely favorable or "arguably favorable". *Commonwealth v. Gee,* 467 Pa. 123, 354 A.2d 875 (1976). A piece of evidence cannot be said to be exculpatory, or potentially exculpatory, merely because the defense chooses to call it so. Under the circumstances we perceive no violation by the Commonwealth of Rule 305.

Appellant's final argument is that the post-trial discovery of checks which constituted a substantial portion of the corpus of the crimes was sufficient to compel the award of a new trial. After-discovered evidence will justify the award of a new trial if it: "... (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence: (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted."

*Commonwealth v. Mosteller,* 446 Pa. 83, 88, 284 A.2d 786, 788 (1971).

■ A review of the record establishes that appellant has not fulfilled all of the components necessary to justify the award of a new trial. The testimony at the hearing on appellant's motion established that the bank bag containing the stolen checks also contained slips of paper. The slips of paper had notations in appellant's handwriting, for "number one", "number two", "refuse", and "me". These notations purportedly accounted for the funds to be placed in each account and those funds which appellant had taken. In light of those notations on the slips of paper recovered with the checks, it is highly unlikely that a different verdict would result if a new trial were granted. Therefore, the lower court properly denied appellant's motion for new trial based on after-discovered evidence.

Judgment of sentence affirmed.

WIEAND, J., concurs in the result.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

I respectfully dissent. I disagree with the majority's conclusion that the Commonwealth did not violate Rule 305(B).

Appellant argues that the Commonwealth violated the Rule by not supplying her with the control cards on which sewer and refuse bill receipts were initially noted. The Commonwealth has a duty to provide evidence that is truly exculpatory. *Commonwealth v. Gee,* 467 Pa. 123, 354 A.2d 875 (1976). Exculpatory evidence is that which extrinsically tends to establish innocence of the crimes charged. *Id.*

The control cards consisted of a master account card, on which the totals of a day's receipts were entered, and individual account cards maintained for each customer. The sewer and refuse accounts manager initially received the payments and made the appropriate entries on these cards before directing appellant to remove the cash and

checks from the register and to deposit the money with the bank. It was appellant's contention at trial that the sewer and refuse accounts manager was responsible for the thefts. If this were true, a discrepancy would have existed in the master account and the total of the individual account cards. The amount on the master account card would have been less than the total of the individual cards since subsequently received checks would have been entered accurately on the individual account cards (to avoid improper billings), but not on the master account card. Thus, this evidence tends to establish appellant's innocence. As such, the Commonwealth had a duty to provide this evidence to appellant after her discovery request was made. The remedy for the Commonwealth's breach of this duty is a new trial.

Accordingly, I disagree with the majority's conclusion that appellant had specifically to request this evidence. The evidence is truly exculpatory and the Commonwealth was therefore obligated to make this evidence available after appellant's request.