567 A.2d 1070

COMMONWEALTH of Pennsylvania

v.

**Clarice SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1989.

Filed Dec. 13, 1989.

Charles J. Cunningham, III, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge.

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County, Criminal Division on September 22, 1988. The court convicted appellant at a bench trial of third degree murder, voluntary manslaughter and abuse of corpse. The judge denied defendant's post-verdict motions and this appeal followed. Appellant raises three claims in this appeal. First, appellant claims that there was insufficient evidence to sustain a conviction on any of the three crimes for which appellant was convicted. Second, appellant contends that the trial judge imposed an illegal sentence. Finally, appellant argues that certain physical evidence should not have been admitted, and therefore, she is entitled to a new trial. We affirm.

The trial judge ably summarized the facts established at trial as follows:

Clarice Smith, and the deceased, her three year old daughter Sylvia, lived in a high-rise project on 300 North Busti Street in the Southwest section of Philadelphia. The defendant, a habitual user of cocaine, had a history of neglecting her child. The evidence showed that the defendant, when feeding her child, fed her only once a day. A former paramour of the defendant's testified that when he showed any affection toward the deceased or tried to feed her another time during the day, the defendant became violent toward him. A neighbor testified that on certain occasions she would hear the defendant

screaming and cursing at the deceased. The neighbor also testified that she would hear the deceased crying. Finally, testimony established that the defendant would put the deceased in her room and tie a rope or strap around the door knob on the outside so the deceased could not get out of her room.

On May 21, 1987, the decomposed and mummified body of the child was discovered by maintenance men who had forced their way into the apartment to shut off the utilities. The room in which the deceased was found was at that time locked from the outside by means of a rope or strap which was tied to the outside of the door and attached to another doorknob. The emaciated corpse of the child was found in a kneeling position at the foot of her bed with her head laying over her folded hands on the bed.

The medical examiner testified [to a reasonable degree of medical certainty] that the cause of death was malnutrition and the manner of death was homicide by neglect.

From the testimony it was determined that sometime in February 1987, the child passed away. The defendant, in her statement, admitted that when she discovered that her daughter was dead she moved out of the apartment, doing nothing about properly disposing of the child's body. She also admitted general mistreatment of the child and an inability to care for her. Evidence also established that the defendant returned to the apartment three times after the death of her daughter and took no action with regard to the corpse. (Citations to record omitted).

When considering appellant's claim that the evidence was insufficient to support her conviction for any homicide offense or for abuse of corpse, we must view the facts in the light most favorable to the Commonwealth as the verdict winner, and we must draw all proper inferences favorable to the Commonwealth. The evidence, when viewed in this light, must be sufficient for the trier of fact to conclude that every element of the crime has been established be-

yond a reasonable doubt. *Commonwealth v. Aulisio*, 514 Pa. 84, 91, 522 A.2d 1075, 1079 (1987) (citing *Commonwealth v. Syre*, 507 Pa. 299, 303, 489 A.2d 1340, 1342 (1985)).

█ Appellant argues that the Commonwealth failed to prove both third degree murder and voluntary manslaughter, because there was not enough evidence on the record to show that appellant caused her daughter's death. In support of this contention, appellant claims that the testimony of the medical examiner established that sudden infant death syndrome was a possible cause of death and that the conclusion that a homicide occurred was only a matter of probability. Contrary to this contention, there was sufficient evidence on the record from which the judge could conclude that appellant caused her daughter's death. The medical examiner testified on direct examination that, with a reasonable degree of medical certainty, he believed that the cause of death was malnutrition.

A custodial parent has a duty to care for a three year old child, and failure to provide care can be the cause of death when a three year child dies of malnutrition. Moreover, there was sufficient evidence on the record for the judge to conclude that the appellant did more than simply fail in her duty to care for the child. The door was found locked from the outside, and the inside door knob was found next to the decedent which is strong circumstantial evidence that appellant locked the child in the room before she died. While it is true that the examiner admitted on cross examination that he could not completely rule out other natural causes of death, the trial judge was free to weigh this testimony. The judge ruled that the doctor's opinion on the cause of death, combined with other evidence available at trial, permitted the conclusion that appellant caused her daughter's death. We will not substitute our discretion for the trial judge's, and we therefore will not reverse the determination of guilt on both homicide offenses.

■ In both her post verdict motions and the summary of argument section of her brief, appellant alleges that the evidence did not support a finding of malice necessary to support a conviction for third degree murder. She presents no argument in the body of the brief supporting this argument. The argument is, therefore, waived. *Commonwealth v. Anderson*, 381 Pa.Super. 1, 13 n. 3, 552 A.2d 1064, 1070 n. 3 (1988).[1]

■ Appellant also contends that the evidence was insufficient to support her conviction for abuse of corpse. She asserts that there must be some affirmative act upon the corpse, and that her inaction with regard to the corpse precipitated nothing more than the natural decaying process. The abuse of corpse statute provides at 18 Pa.C.S.A. § 5510:

> Except as otherwise authorized by law, a person who treats a corpse in a way that he knows would outrage ordinary family sensibilities commits a misdemeanor of the second degree.

There are few reported cases that address this statute. *See Commonwealth v. Lore*, 338 Pa.Super. 42, 60, 487 A.2d 841, 851 (1984) (denial of demurrer on charge of abuse of corpse affirmed); *Commonwealth v. Sudler*, 496 Pa. 295, 303, 436 A.2d 1376, 1379 (1981) (sexual abuse of corpse prohibited by abuse of corpse statute, not rape statute). No reported cases address the issue presented here, namely, whether a person who knowingly leaves a corpse to rot, without making arrangements for a proper burial has "treat[ed] a corpse in a way that [s]he knows would outrage ordinary family sensibilities."

The Pennsylvania statute is based entirely on Model Penal Code § 250.10. We can look to the Model Penal Code and its Commentaries for guidance in interpreting the Penn-

1. Even if the argument were not waived we would find it to be meritless. The trial court adequately addressed this issue in its opinion in support of the judgment of sentence, and were the issue not waived, we would affirm the trial court's resolution of this issue on the basis of the trial court's opinion.

sylvania statute.  In Comment 2, the drafters of the Model
Penal Code stated that "[t]he distinguishing features of the
Model Penal Code offense are the generality and compre-
hensiveness with which the proscribed conduct is defined."
Model Penal Code § 250.10, Comment 2 (1980).  Later in the
same Comment the drafters noted that "[t]here are also
recent enactments dealing with concealment of a corpse"
and a variety of other specific offenses.  *Id.*  The drafters
then concluded that even a cumulation of the specific provi-
sions is "likely to leave gaps that could be avoided by
following the Model Code approach of a generalized state-
ment of the offense."  *Id.*  Therefore, the purpose of draft-
ing the abuse of corpse statute in very broad and general
language was to ensure that offenses such as concealing a
corpse came under the purview of the statute.

Appellant concealed her daughter's corpse from the prop-
er authorities, and did not make arrangements for burial
because she said she was afraid and confused.  In so
concealing the corpse, she allowed it to be eaten by rodents
and become mummified.  The statute was intended to cover
appellant's conduct.  Moreover, as the trial court concluded,
such conduct does indeed constitute an outrage to ordinary
family sensibilities;  therefore, we must affirm appellant's
conviction for abuse of corpse.

Appellant claims next that her sentence was illegal.  In
support of this claim she argues that the trial judge im-
posed an illegal condition of parole when he prohibited
appellant from attaining custody of a minor child.  She also
asserts that the sentence was excessive in length and that
the court's sentencing rationale was contradictory and in-
complete.

The claim that the judge imposed an illegal condition
of parole must fail because any such condition is merely a
recommendation, and is not binding upon the parole board.
61 Pa.S.A. § 331.18 provides that:

> a recommendation made by a judge ... respecting the
> parole or terms of the parole of such person shall be
> advisory only, and no order in respect thereto made or

attempted to be made as a part of a sentence shall be binding upon the board in performing the duties and functions herein conferred upon it.

*Id.* Since the condition of parole that appellant not have custody of a minor child has no binding effect on the parole board, appellant does not make out a colorable claim that, because of the condition, the judge imposed an illegal sentence.[2] *See Commonwealth v. Kuhn,* 327 Pa.Super. 72, 83, 475 A.2d 103, 108 (1984) (claim that judge's imposition of condition of probation which required that defendant attend the church of his choice did not go to legality of sentence, and was therefore waivable).

■ Neither the challenge to the condition of probation nor any of the other challenges to the sentence raises a question regarding the legality of sentence.[3] When an appellant's challenge is not to the legality of sentence, the appellate brief must include a statement of reasons why this court should exercise its discretionary jurisdiction to hear appeals challenging the discretionary aspects of sentencing. Pa.R.A.P. 2119(f); *See Commonwealth v. Williams,* 386 Pa.Super. 322, 327, 562 A.2d 1385, 1387 (1989). Appellant includes a paragraph in the statement of jurisdiction section of her brief,[4] which makes the bare allegation that the sentence was inconsistent with the sentencing code, and contrary to the norms of the sentencing

**2.** We express no opinion regarding whether the parole board could constitutionally impose such a condition.

**3.** Appellant also challenges the length of the sentence imposed, and the trial court's reasons for the sentence. These claims challenge discretionary aspects of sentencing, and do not address the legality of sentence.

**4.** The Commonwealth contends that appellant failed to comply with Rule 2119(f) because she did not include a separate section of her brief containing reasons for allowance of appeal of a discretionary aspect of sentencing. We find that the inclusion of a separate paragraph in the Statement of Jurisdiction constitutes substantial compliance with the requirement. *See Commonwealth v. Darden,* 366 Pa.Super. 597, 602, 531 A.2d 1144, 1147 (19870 (while presenting reasons for allowance of appeal in summary of argument, rather than in a separate section did not comply with letter of 2119(f), it complied with substance); *Commonwealth v. Muller,* 364 Pa.Super. 346, 350 n. 2, 528 A.2d 191, 193 n. 2 (1987).

process. The requirement of a separate statement was designed to allow this court to preliminarily examine the basis of the challenge to the sentence. We must have some facts with which to determine whether a substantial question regarding sentencing has been raised. *Commonwealth v. Thomas*, 387 Pa.Super. 191, 194–195, 563 A.2d 1249, 1251 (1989) (statement absolutely failed to articulate facts upon which claims were predicated and therefore failed to raise a substantial question). In her statement, appellant has failed to raise a substantial question regarding the discretionary aspects of sentence. Therefore, we will not consider the merits of any of her allegations regarding defects in her sentence.

Appellant's final claim alleges that the trial court erred in admitting into evidence the door knob that the police found next to the corpse. In its opinion, the trial court thoroughly analyzed the facts and law underlying this claim, and we affirm on the basis of that opinion.

Judgment of sentence affirmed.