580 A.2d 1367

**COMMONWEALTH of Pennsylvania**

v.

**Thomas B. BADMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 30, 1990.

Filed Oct. 3, 1990.

316

318

Elizabeth A. Beroes, Asst. Public Defender, Sunbury, for appellant.

Robert B. Sacavage, Dist. Atty., Carmel, for Com., appellee.

Before ROWLEY, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence. The facts of this case, as summarized by the trial court, are as follows:

> The [appellant] was found guilty of murder in the third degree by a jury. The victim was Patricia Gebhart, a thirty-three year old woman who was somewhat mentally retarded and somewhat physically handicapped. Her only income was from social security and disability benefits.
>
> The trial record shows that the [appellant] and the victim had been dating for a period of time and there was a history of the defendant verbally and physically abusing the victim and obtaining money from her from time to time.
>
> The victim was last seen alive in Sunbury on June 18, 1984, and on July 4, 1984 she was reported missing by her grandmother. The victim's skeleton was discovered half buried in the bed of the Susquehanna River in Sunbury on April 18, 1985. John Oyster testified that in July of 1984 the [appellant] told him that he had beat up the victim and that "they" had buried the body.

Trial court opinion of August 29, 1989, at 1–2. The evidence presented at trial showed that the victim had been consistently abused verbally, physically, sexually, and financially by appellant and other persons. Evidence at trial indicated that the victim intended to marry appellant, but that appellant had no intentions of marrying the victim.

Appellant testified in his own defense that he did not kill the victim or bury her. He did, however, admit that he took money from the victim on at least one occasion, and admitted taking pills from her. Following a jury trial, appellant was convicted of third-degree murder.

Appellant's post-verdict motions were denied; his ineffectiveness claims were heard separately and denied. Appellant was then sentenced to a term of imprisonment of

between ten and twenty years. Appellant's motion to modify sentence was denied, new counsel was then appointed, and a subsequently filed petition to appeal *nunc pro tunc* was granted. Appellant now presents ten issues for our consideration:

1. Whether the Court erred in admitting the testimony of the Commonwealth Expert witness, a forensic pathologist, whose opinions were based on facts not in evidence, thereby prejudicing Defendant.

2. Whether the Commonwealth impermissively (sic) impeached a defense witness on collateral matters and whether the Court therefore erred in allowing the jury to consider it.

3. Whether the Trial Court and Trial Attorneys erred by permitting Hearsay statements made by the decedent/victim into evidence which was improperly considered by the jury.

4. Whether the Trial Court and Trial [Attorn]eys erred by permitting the Commonwealth to assassinate the cha[r]acter of the defendant with specific instances of conduct occurring at remote times before the defendant took the stand and before the defense placed the character of defendant in issue.

5. Whether the Trial Court and Trial Attorneys erred by permitting the Commonwealth to present irrelevant and inflammatory evidence regarding Beatrice Long.

6. Whether the Trial Court erred in denying defendants Motion to Dismiss because the Information in this case was unconstitutionally vague and lacked the requisite specifi[ci]ty.

7. Whether the Court erred in denying Defendant's Motion for New Trial after repeated prosecutorial misconducts in the District Attorney's closing argument.

8. Whether the evidence in this case was insufficient in weight resulting in a verdict contrary to sustain a finding of guilt.

9. Whether trial counsel was ineffective and thereby prejudicing Defendant's rights to a fair trial and resulting in unreliable verdict.

10. Whether the trial Court abused its discretion and ordered Defendant to serve a manifestly excessive sentence.

Appellant's brief, at 4.[1] As we find no merit to any of appellant's issues, we affirm the judgment of sentence.

■ Appellant's first issue concerns whether the court erred in admitting the testimony of the Dr. Herbert Fillinger, a forensic pathologist, whose opinions were based on facts not in evidence, thereby prejudicing defendant. We have examined appellant's post-verdict motions and the trial court opinions. Appellant did not raise this issue in post-verdict motions and, to the best of our knowledge, the trial court did not have the opportunity to consider this issue.

**1.** We note that appellant's statement of questions involved encompasses 32 lines of text, and takes up two pages of his brief. This is a violation of Pa.R.A.P. 2116, which states that the statement of questions involved

> must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. *It should not ordinarily exceed 15 lines, must never exceed one page,* and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception[.]

Pa.R.A.P. 2116 (emphasis added). We will proceed to consider the merits of the issues raised by appellant, but caution counsel to comply with the appropriate rules in future appeals. We are further reminded that the Honorable Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit has stated:

> 'With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to *any* of them. I do not say that it is an irrebuttable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.'

*United States v. Hart,* 693 F.2d 286, 287 n. 1 (3d Cir.1982), *quoting* Aldisert, The Appellate Bar: Professional Competence and Professional Responsibility—A View From the Jaundiced Eye of One Appellate Judge, 11 Cap.U.L.Rev. 445, 458 (1982).

Appellant has therefore waived this argument on appeal. *See Commonwealth v. Gordon*, 364 Pa.Super. 521, 528 A.2d 631 (1987) (per curiam), *allocatur denied*, 517 Pa. 621, 538 A.2d 875 (1988).

■ Appellant's second argument on appeal concerns whether the Commonwealth impermissibly impeached defense witness Sharon Walter on collateral matters. Sharon Walter testified at appellant's trial as a defense witness. The testimony she gave completely contradicted the story she had told, under oath, at three separate preliminary hearings. A witness may always be questioned concerning bias. *Commonwealth v. Cheatham*, 429 Pa. 198, 239 A.2d 293 (1968). A witness's credibility may be impeached with evidence of her prior statements which are inconsistent with her testimony at trial. *Commonwealth v. Baez*, 494 Pa. 388, 431 A.2d 909 (1981); *Commonwealth v. Ryan*, 253 Pa.Super. 92, 384 A.2d 1243 (1978) (substantial inconsistency). As the impeachment was introduced concerning the issue of the witness's credibility, we find that the trial court did not abuse its discretion in allowing the impeachment, and find appellant's second issue to be without merit.

■ Appellant's third issue concerns whether the trial court and trial attorneys [2] erred by allowing the introduction into evidence of statements which the victim had made. As appellant made no contemporaneous objection at trial, this issue is waived. *Commonwealth v. Myer*, 340 Pa.Super 176, 489 A.2d 900 (1985).

■ Appellant's fourth issue concerns whether the trial

**2.** If the addition of the statement "and trial attorneys" in appellant's statement of questions presented and argument headings is intended to bootstrap this issue into a second issue, arguing appellant's counsel's ineffectiveness, we find this limited reference insufficient to carry forward an ineffectiveness argument. If indeed this is an attempt to argue trial counsel's ineffectiveness, we find the issue waived because no argument is presented in the body of the brief concerning alleged ineffectiveness. *See Commonwealth v. Smith*, 389 Pa.Super. 606, 567 A.2d 1070 (1989); *Commonwealth v. Anderson*, 381 Pa.Super. 1, 13 n. 3, 552 A.2d 1064, 1070 n. 3 (1988).

court and trial attorneys [3] erred by permitting the Commonwealth to assassinate the character of the defendant with specific instances of conduct occurring at remote times before the defendant took the stand and before the defense placed the character of defendant in issue. As appellant did not make a contemporaneous objection to the introduction of this evidence or seek an appropriate limiting instruction, this issue is waived. *See Commonwealth v. Cruz*, 489 Pa. 559, 414 A.2d 1032 (1980). We further note that, even were we to reach this issue, we would find that the trial court did not err, as the evidence was admissible to show appellant's prior course of conduct toward the victim. *Cruz, supra.*

Appellant's fifth issue concerns whether the trial court and trial attorneys [4] erred by permitting the Commonwealth to present irrelevant and inflammatory evidence regarding Beatrice Long. Appellant argues that the introduction of evidence pertaining to Beatrice Long, who was charged as a co-conspirator in the murder of Patty Gebhardt, was an attempt to prove appellant's guilt by association. Appellant fails to consider that a defendant takes full responsibility for the acts of his co-conspirators. *See Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973). The evidence concerning Beatrice Long was relevant, and properly admitted. We therefore find appellant's fifth issue to be without merit.

Appellant's sixth issue concerns whether the trial court erred in denying defendant's motion to dismiss because the information was unconstitutionally vague and lacked the requisite specificity. A criminal information must inform the accused of the crime with which he is being charged. *Cf. Commonwealth v. Lee*, 454 Pa. 526, 312 A.2d 391 (1973) (Eagen, J., concurring) (indictments). The infor-

---

**3.** To the extent that appellant's miniscule reference to trial counsel is an attempt to bootstrap an ineffectiveness claim, appellant has waived this issue by failing to carry forward any argument. *See* n. 2, *supra.*

**4.** To the extent that appellant's miniscule reference to trial counsel is an attempt to bootstrap an ineffectiveness claim, appellant has waived this issue by failing to carry forward any argument. *See* n. 2 & n. 3, *supra.*

mation should be read in a common sense manner, rather than being construed in an overly technical sense. *Cf. Commonwealth v. Pope,* 455 Pa. 384, 390, 317 A.2d 887, 890 (1974) (indictments).

■ We most emphatically reject appellant's assertion that the statement that he did "kill or take part in the killing" of Patricia Gebhart failed to inform him of the crime with which he was being charged. The information clearly showed that the beating and eventual murder of the victim was the underlying transaction appellant was charged with. In a case such as this, where the Commonwealth understandably lacked the knowledge and ability to give a specific moment-by-moment description of how the crime occurred, the information contained in the information was more than sufficient to inform appellant of the crime with which he was charged. Further, we find that as the information filed against appellant specified the underlying transaction, the cases he cites, *Commonwealth v. Perkins,* 485 Pa. 286, 401 A.2d 1320 (1979) (per curiam), and *Commonwealth v. Russell,* 261 Pa.Super. 161, 395 A.2d 1365 (1978), support affirming, rather than reversing, the trial court's determination.

■ Appellant's seventh issue concerns whether the trial court erred in denying his motion for new trial based on allegations of prosecutorial misconduct. Appellant's complaint centers around the prosecutor's repeated references during closing argument to what he termed a "defense of distraction." In reviewing an allegation of prosecutorial misconduct, we are guided by the words of our Supreme Court, which has stated that comments made by a prosecutor

> do not constitute reversible error unless the 'unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict.'

*Commonwealth v. Anderson,* 501 Pa. 275, 282, 461 A.2d 208, 211 (1983); *Commonwealth v. Yabor,* 376 Pa.Super. 356, 546 A.2d 67 (1988), *allocatur denied,* 521 Pa. 620, 557 A.2d 724 (1989). We will reverse the trial court's determination only if we find an abuse of discretion. *Anderson, supra.*

We have inspected the comments appellant complains of. They do not constitute a statement of the prosecutor's personal opinion regarding appellant's guilt or innocence, nor are they improper statements of the evidence. In its opinion, the trial court cites *Commonwealth v. Youngkin,* 285 Pa.Super. 417, 427 A.2d 1356 (1981). In *Youngkin* the prosecutor, in closing, analogized the defendant's strategy to "creating smoke." The court in *Youngkin* found that the comments regarding smoke did not, by themselves, inflame the passions and prejudices of the jury such as to warrant a new trial. The trial court in this case found the reasoning of *Youngkin* applicable, and found that the remarks of the prosecutor were not so prejudicial as to require a new trial. We find no abuse of discretion, and find appellant's seventh issue to be without merit.

Appellant's eighth issue concerns "whether the evidence in this case was insufficient in weight resulting in a verdict contrary to sustain a finding of guilt." Appellant's brief, at 3. We believe appellant is attempting to make two separate arguments here: first, that the evidence was insufficient to support a finding of guilty, and second, that the verdict was against the weight of the evidence. We shall deal with appellant's sufficiency of the evidence claim first.

In reviewing sufficiency of the evidence claims, we look to whether,

> viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt.

*Commonwealth v. Aulisio,* 514 Pa. 84, 522 A.2d 1075 (1987). While a conviction cannot be supported by mere suspicion and conjecture, the Commonwealth need not establish guilt to a mathematical certainty; evidence will be sufficient if it establishes that the circumstances are consistent with criminal activity. *Commonwealth v. Favinger,* 358 Pa.Super. 245, 516 A.2d 1386 (1986), *allocatur denied,* 516 Pa. 612, 531 A.2d 779 (1987); *Commonwealth v. Herman,* 227 Pa.Super. 326, 323 A.2d 228 (1974). A criminal conviction can be based on purely circumstantial evidence. *Commonwealth v. Sadusky,* 484 Pa. 388, 399 A.2d 347 (1979); *Herman, supra.*

Appellant's argument seems to be that there was insufficient evidence from which the jury could have found the element of malice, which is required to convict someone of murder of the third degree. We simply cannot agree. Malice is defined as

> either [ ] an express intent to kill or inflict great bodily harm, or of a 'wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty' indicating an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life. *Commonwealth v. Carroll,* 412 Pa. 525, 194 A.2d 911 (1963)

*Commonwealth v. Taylor,* 461 Pa. 557, 559, 337 A.2d 545, 546 (1975), *quoting Commonwealth v. Boyd,* 461 Pa. 17, 23, 334 A.2d 610, 613 (1975); *Commonwealth v. Pigg,* 391 Pa.Super. 418, 571 A.2d 438 (1990).

We will point to only two pieces of evidence: the testimony of John Oyster, that appellant told him that "he had beat up the victim and that 'they' had buried the body[,]" trial court opinion, at 2, and the evidence that appellant had repeatedly abused the victim, verbally, physically, sexually, and financially. In *Commonwealth v. Matthews,* 480 Pa. 33, 36, 389 A.2d 71, 73 (1978), our Supreme Court stated "We cannot say that the fact-finder erred in concluding that a full-grown adult who repeatedly used excessive force upon a child of such tender years evidenced an extreme

indifference to the value of human life." Likewise, in this case, we cannot say that the jury erred, considering the evidence presented, in finding appellant guilty of third-degree murder. Appellant's sufficiency of the evidence claim is therefore without merit.

We now turn to appellant's weight of the evidence claim. The determination whether to grant a new trial on the ground that the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. *Commonwealth v. Pronkoskie*, 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982). Before a trial court may award a new trial on this ground, it must appear that the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative. *Commonwealth v. Gamber*, 352 Pa.Super. 36, 45, 506 A.2d 1324, 1329 (1986); *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). When the challenge to the weight of the evidence is predicated on the credibility of the trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence "is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture," *Commonwealth v. Farquharson*, 467 Pa. 50, 60, 354 A.2d 545, 550 (1976) (citations omitted), these types of claims are not cognizable on appellate review. *Commonwealth v. Hunter*, 381 Pa.Super. 606, 617, 554 A.2d 550, 555 (1989). While our Supreme Court has stated that "a challenge to the weight of the evidence is not appealable[,]" *Commonwealth v. Wallace*, 522 Pa. 297, 315, 561 A.2d 719, 728 (1989), we shall consider the merits of appellant's weight of the evidence argument. *See Commonwealth v. McLean*, 396 Pa.Super. 23, 28 n. 4, 578 A.2d 4, 7 n. 4 (1990). Appellant makes no argument concerning his weight of the evidence claim, save for the statement "It can be concluded that the ... verdict was contrary to the weight of the evidence." Appellant's brief, at 45. While appellant's lack of argument provides little help, our own inspection of the record, the briefs, and the

trial court opinions convinces us that appellant's weight of the evidence claim has no merit whatsoever. As appellant's sufficiency and weight of the evidence claims fail, we find his eighth issue to be without merit.

Appellant's ninth issue is an ineffectiveness claim. Appellant raises five claims of ineffectiveness. First, he claims that "[t]here was no reasonable basis for counsel to overlook the errors made during the testimony of Dr. Fillinger and in failing to present evidence as to the actual water levels of the river bank where the skeletal remains were found." Second, he claims that "[t]here was no reasonable basis for failing to object to the impeachment of Sharon Walters which strayed the minds of the jury away from their client (sic) and thereby, sending a message to the jury that such impeachment was permissible." Third, he claims that "there was no reasonable basis for failing to object to the damaging hearsay statements made by decedent which were *per se* prejudicial." Fourth, he claims that "there was no reasonable basis for failing to object to the specific acts of misconduct brought out by the prosecutor long before the [appellant] ever put his character in issue again constituting *per se* prejudice." Fifth, he claims that "there was no reasonable basis for failing to object to, and thereafter, failing to move for a mistrial following the prosecutor's opinionated closing remarks." As we have already discussed, the claims underlying appellant's second, third, fourth, and fifth claims have no arguable merit. *See supra.* While we found the claim underlying appellant's first claim waived, we would note that we have examined the evidence and the briefs, and find that this claim is also lacking arguable merit. Appellant's ineffectiveness claim must therefore fail. *See Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989).

Appellant's final issue concerns whether the trial court abused its discretion and ordered appellant to serve a manifestly excessive sentence. We note that appellant has not complied with the dictates of 42 Pa.C.S.A. § 9781(b), Pa.R.A.P. 2119(f), and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). We also note, however, that

the Commonwealth has not objected to appellant's failure to comply with these procedural requirements. This defect in appellant's brief is therefore waived. *See Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc).

■ Assuming, *arguendo,* that appellant has raised a substantial question concerning the appropriateness of his sentence, we would note that the trial judge was aided by a presentence report, and stated his reasons on the record at the time sentence was imposed. We therefore find appellant's tenth issue to be without merit. *See Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988).

As none of the issues presented in this appeal possess merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

McEWEN, J., concurs in the result.