J-S59036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERICK MARINEY | : | |
| | : | |
| Appellant | : | No. 3305 EDA 2017 |

Appeal from the Judgment of Sentence September 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005261-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                  **FILED DECEMBER 31, 2018**

Jerick Mariney appeals from the judgment of sentence[1] imposed on September 5, 2014, in the Court of Common Pleas of Philadelphia County following his conviction by a judge on the charges of burglary, criminal trespass, conspiracy, attempted theft and criminal mischief.[2] Mariney received an aggregate sentence of 34½ to 69 months' incarceration followed by five years of probation. In this appeal, Mariney challenges the sufficiency of the evidence of all crimes as well as a claim the verdict was against the weight of the evidence. After a thorough review of the certified record, submissions by the parties and relevant law, we affirm.

---

[1] Mariney's direct appeal rights were reinstated by order of the PCRA court on September 17, 2017.

[2] 18 Pa.C.S. §§ 3502(a)(4), 3503(a)(1)(ii), 903, 901, and 3304(a)(2), respectively.

We quote the factual history from the Pa.R.A.P. 1925(a) opinion of the trial court.

It was shortly after midnight on April 2, 2013, when Philadelphia Police Officer Brendan Donahue responded to a motorcycle/dirt bike shop at 2008 Clifford Street in Philadelphia. As he pulled up, Officer Donahue observed a running white van parked in near the shop. He blocked the van with his marked police patrol car and approached the van. Although it was running, there was no one in the van.

Officer Donahue then approached the garage doors to the motorcycle shop when he noticed flashlights moving around inside. He proceeded to hug the wall and pull his gun. The first door that he came to was missing a window, and there was broken glass on the ground. As he moved along the wall toward the garage door, it started to lift up, whereupon the officer encountered three males, one of whom was [Mariney]. Several ATV or dirt bikes were lined up in the area of the three men as they opened the door.

Officer Donahue identified himself, whereupon all three men fled. Two of the men fled eastbound on Montgomery Avenue, while [Mariney] ran past the officer and fled west on Montgomery, then south on 31st Street. Officer Donahue gave chase and apprehended [Mariney] after about a block, just as backup officers arrived on the scene. One of those backup officers was Milor Celce, who coincidentally was also a frequent customer of the business, where he had work done on his own motorcycle.

Upon returning to the shop area, Officer Donahue noted pry marks and missing paint on another door to the property, located about twenty to thirty feet from where the running van was parked. The back door was damaged and appeared to have been forced. He also examined the van and found it to have an open cargo area behind the two front seats.

Officer Celce, the back-up officer, also examined the property and observed damage to the rear door and that one of the front glass panes was broken out. He confirmed that two bikes were right at the opened garage door, not where they would ordinarily be stored based on his familiarity with the operation of the shop.

- 2 -

Trial Court Opinion, 1/30/2017, at 2-3.

Against this backdrop of evidence, Mariney argues there was insufficient evidence to convict him of burglary, conspiracy and criminal trespass. Specifically, he claims the only thing the Commonwealth proved was that he was in the shop after hours and all other facts needed to convict were merely rank speculation.

When addressing a claim of insufficient evidence, we are mindful that:

> A claim impugning the sufficiency of the evidence presents us with a question of law. **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000). Our standard of review is well-established:
>
>> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> **Commonwealth v. Estepp**, 17 A.3d 939, 943-44 (Pa. Super. 2011) (citing **Commonwealth v. Brooks**, 7 A.3d 852, 856-57 (Pa. Super. 2010)). "This standard is equally applicable to cases

where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." (***Commonwealth v. Sanders***, 426 Pa.Super. 362, 627 A.2d 183, 185 (1993)). "Although a conviction must be based on 'more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.' " ***Commonwealth v. Gainer***, 7 A.3d 291, 292 (Pa. Super. 2010) (quoting ***Commonwealth v. Badman***, 398 Pa.Super. 315, 580 A.2d 1367, 1372 (1990)).

***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014).

The trial court's Pa.R.A.P. 1925(a) opinion has accurately described the elements of the crimes and analyzed Mariney's claims, finding no merit to them. Our review confirms the trial court's determinations and we rely on the trial court's opinion in this respect. ***See*** Trial Court Opinion, 1/30/2017, at 3-7. Although we rely on the trial court's opinion, we highlight aspects of that decision.

The circumstantial evidence against Mariney was substantial. He was discovered in a business, after hours, in the middle of the night, using a flashlight to navigate his way though the building. He and his companions had left a van, capable of transporting stolen vehicles, running outside the building. Merchandise was lined up near the garage door, as if being readied for transport. A window was broken out and a door had pry marks on it, clearly suggesting, along with all of the other relevant facts, entry was not by permission. Finally, consciousness of guilt was established by his and his companions' flight. When viewed in totality, and in the light most favorable to the Commonwealth as verdict winner, there is no doubt that all the elements of burglary, criminal trespass and conspiracy have been met.

Mariney's suggestion that, "[w]hat occurred here is certainly consistent with [Mariney] and others entering the building so as to examine the very nice motorcycles that were there," borders on the nonsensical. Mariney's Brief at 8.

Finally, we note that Mariney's claim the verdict is against the weight of the evidence has been waived.

> [A] challenge to the weight of the evidence must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review. ***Commonwealth v. Thompson***, 93 A.3d 478, 491 (Pa. Super. 2014). Further, […] , issues not presented in a court-ordered Pa.R.A.P. 1925(b) statement are deemed waived on appeal. Pa.R.A.P. 1925(b)(4)(vii).

***Commonwealth v. Jones***, 191 A.3d 830, 834-35 (Pa. Super. 2018) (footnotes omitted).

Because Mariney neither raised the issue before the trial court, nor included it in his Pa.R.A.P. 1925(b) statement, the claim has been waived.

Judgment of sentence affirmed. Parties are directed to attach a copy of the January 30, 2017, trial court opinion in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/31/18</u>

IN THE COURT OF COMMON PLEAS
FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH OF PA     :     CP-51-CR-0005261-2013

v.

JERICK MARINEY

CP-51-CR-0005261-2013 Comm. v Mariney, Jerick
Opinion



8063532371

**MEMORANDUM OPINION**

*CAMPBELL, J.*                            January 30TH, 2017

**Procedural History**

On April 21, 2014, Appellant Jerick Mariney proceeded to trial before this Court, sitting without a jury. The Court held the verdict under advisement. On May 12, 2014, the Court found Appellant guilty of Burglary (18 Pa. C.S. § 3502(A) (4)), Criminal Trespass (18 Pa. C.S. § 3503(A) (1) (ii)), Conspiracy (18 Pa. C.S. § 903), Attempted Theft (18 Pa. C.S. § 901), and Criminal Mischief (18 Pa. C.S. § 3304 (A)(2)).

On September 5, 2014, Appellant was sentenced to consecutive sentences of 11 ½ - 23 months imprisonment on the burglary conviction, 11 ½ - 23 months imprisonment on the criminal trespass conviction, and 11 ½ - 23 months imprisonment on the conspiracy conviction, followed by a consecutive period of five years probation on the attempted theft conviction. Appellant was ordered eligible for work release. No further penalty was imposed on the criminal mischief conviction.

On May 18, 2015, Appellant filed a *pro se* petition under the Post-Conviction Relief Act (PCRA), seeking reinstatement of his appellate rights.

The petition was assigned to this Court on November 4, 2016.

An amended PCRA petition was filed by appointed counsel on January 31, 2017.

**Received**

JAN 3 0 2018

Office of Judicial Records
Appeals/Post Trial

On September 7, 2017, the Court granted the PCRA petition and reinstated Appellant's appellate rights, *nunc pro tunc*.

A timely notice of appeal was filed on October 4, 2017.

Pursuant to Pa.R.A.P. 1925(b)(2) and (3), the Court entered an order on October 12, 2017, directing the filing of a Statement of Errors Complained of on Appeal, not later than twenty-one (21) days after entry of the order.

On December 3, 2017, Appellant filed a timely Statement of Errors Complained of on Appeal. That filing was deemed timely by order of this Court dated December 18, 2017.

## Factual History

It was shortly after midnight on April 2, 2013, when Philadelphia Police Officer Brendan Donahue responded to a motorcycle/dirt bike shop at 2008 Clifford Street in Philadelphia. NT 4/21/14, 10, 12. As he pulled up, Officer Donahue observed a running white van parked in near the shop. NT 4/21/14, 14, 15. He blocked the van with his marked police patrol car and approached the van. Although it was running, there was no one in the van. NT 4/21/14, 14-16.

Officer Donahue then approached the garage doors to the motorcycle shop when he noticed flashlights moving around inside. NT 4/21/14, 16, 28-29. He proceeded to hug the wall and pull his gun. NT 4/21/14, 16. The first door that he came to was missing a window, and there was broken glass on the ground. NT 4/21/14, 17-20, 29, 33, 34, 35, 37, 38-39. As he moved along the wall toward the garage door, it started to lift up, whereupon the officer encountered three males, one of whom was Appellant. NT 4/21/14, 21. Several ATV or dirt bikes were lined up in the area of the three men as they opened the door. NT 4/21/14, 26.

Officer Donahue identified himself, whereupon all three men fled. NT 4/21/14, 21-22.

2

Two of the men fled eastbound on Montgomery Avenue, while Appellant ran past the officer and fled west on Montgomery, then south on 31st Street. NT 4/21/14, 22. Officer Donahue gave chase and apprehended Appellant after about a block, just as backup officers arrived on the scene. NT 4/21/14, 22-23. One of those backup officers was Milor Celce, who coincidentally was also a frequent customer of the business, where he had work done on his own motorcycle. NT 4/21/14, 42-43.

Upon returning to the shop area, Officer Donahue noted pry marks and missing paint on another door to the property, located about twenty to thirty feet from where the running van was parked. NT 4/21/14, 26-27, 37, 38. The back door was damaged and appeared to have been forced. NT 4/21/14, 46-47. He also examined the van and found it to have an open cargo area behind the two front seats. NT 4/21/14, 27-28.

Officer Celce, the back-up officer, also examined the property and observed damage to the rear door and that one of the front glass panes was broken out. NT 4/21/14, 46-48. He confirmed that two bikes were right at the opened garage door, not where they would ordinarily be stored based on his familiarity with the operation of the shop. NT 4/21/14, 50-51.

## Discussion

Appellant challenges the sufficiency of the evidence to support the convictions.

**The evidence was sufficient to establish the crimes of burglary, criminal trespass and conspiracy.**

A claim challenging the sufficiency of the evidence presents a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." *Commonwealth v. Hughes*, 521 Pa. 423, 555 A.2d 1264, 1267 (1989). We "must view evidence in

3

the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." *Id.*

Our Supreme Court has instructed:

[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Ratsamy,* 594 Pa. 176, 934 A.2d 1233, 1236 n. 2 (2007).

*Commonwealth v. Thomas,* 65 A.3d 939, 943 (Pa.Super. 2013).

Other factors found relevant in determining whether a defendant possessed the requisite *mens rea* include the defendant's flight from the police. See *Commonwealth v. Stevenson,* 242 Pa. Super. 31, 363 A.2d 1144, 1145 (Pa. Super. 1976) ("[C]riminal intent or guilty knowledge may be inferred where facts and evidence are such as to show that element of the crime."). Circumstantial evidence of guilty knowledge may include attempts to flee apprehension, *Commonwealth v. Brabham,* 268 Pa. Super. 35, 407 A.2d 424, 426-27 (Pa. Super. 1979) (flight from law enforcement at the time of arrest).

a. **Burglary**

Appellant alleges that the burglary conviction should fail because the evidence was insufficient to show ownership and non-permission for his presence on the premises, and because of a lack of evidence showing entry with intent to commit a crime. He is incorrect on both counts.

First, we note that non-permission is not an element of the crime the Commonwealth must

4

prove. Rather, permission is an affirmative defense upon which a defendant bears the burden. 18 Pa. C.S. § 3502(b) (3). "A person commits the offense of burglary if, with the intent to commit a crime therein, the person: enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present." 18 Pa.C.S. § 3502(a) (4).

Moreover, granting all reasonable inferences to the Commonwealth as the verdict winner, the circumstantial evidence here established: a break-in by force (missing window with broken glass on the ground and pry marks on the door), into a commercial establishment, after midnight, attempt at concealment (moving around the inside of the shop at night with flashlights), a means of transporting stolen motorcycles (an empty cargo van, with the motor running), consciousness of guilt demonstrated by flight of Appellant and two others from inside the premises when the officer identified himself. *See Commonwealth v. Smith*, 2013 Pa. Super. Unpub. LEXIS 299, *10-11 (Pa. Super. 2013) (collecting cases on flight with other relevant circumstances showing consciousness of guilt). Nor does the fact that the officer was unable to say when the window was broken aid Appellant's argument. *See Commonwealth v. Morgan*, 401 A.2d 1182 (Pa. Super 1979) (fact that hole in screen door could have been made earlier in day goes to weight not sufficiency of the evidence).

"The Commonwealth may prove [burglary] by circumstantial evidence, and the specific intent to commit a crime necessary to establish the second element of burglary may thus be found in the [d]efendant's words or conduct, or from the attendant circumstances together with all reasonable inferences therefrom." *Commonwealth v. Tingle*, 419 A.2d 6, 9 (Pa. Super. 1980).

Collectively, the facts and circumstances here provide substantial evidence that Appellant

5

entered the property, with his co-conspirators, to commit the crime of theft of ATV's or mini-bikes, and his flight when confronted by police confirmed his knowledge and intent. Accordingly, the evidence was sufficient to support the burglary conviction.

### b. Criminal Trespass

By contrast, "[t]he crime of criminal trespass has a scienter requirement not necessary to prove the crime of burglary..." *Commonwealth v. Carter*, 393 A.2d 660, 661 (Pa. 1978) (citations omitted). "A person commits a [criminal trespass] if, knowing that he is not licensed or privileged to do so, he ... breaks into any building or occupied structure or separately secured or occupied portion thereof... 'Breaks into' [means t]o gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access." 18 Pa.C.S. § 3503 (a).

Again, the circumstances presented here -- a break-in by force, attempt at concealment, a getaway vehicle, and flight -- sufficiently demonstrate that appellant knew that he was not licensed or privileged to enter the closed motorcycle store, after midnight, along with his two co-conspirators. Accordingly, the evidence was sufficient to support the conviction for criminal trespass.

### c. Conspiracy

A "common agreement or understanding, is an essential element of the crime of conspiracy. 18 Pa.C.S. § 903; *Commonwealth v. Roux*, 350 A.2d 867 (Pa. 1976). The existence of a common agreement may be inferred from the evidence of the circumstances surrounding the allegedly conspiratorial activities. *Commonwealth v. Tumminello*, 437 A.2d 435 (Pa. Super. 1981). When a defendant is identified as one of the agents of the crime, the fact finder may conclude that there

6

was the requisite criminal agreement. *Commonwealth v. Johnson*, 402 A.2d 507, 509 (Pa.Super. 1979).

Here, we have three individuals, inside a closed motorcycle shop, after midnight, using flashlights inside the building, with evidence of forced entry. The getaway vehicle which can accommodate the motorcycles which were the obvious target of the burglary and theft, was parked by the door and left running. And upon being confronted by an armed, uniformed police officer, all three men fled.

This evidence demonstrates the requisite common agreement – to enter the motorcycle shop and steal vehicles. Likewise, there are numerous overt acts in furtherance of this conspiracy. Accordingly, there was ample evidence from which the Court could conclude that Appellant was a co-conspirator in this criminal venture.

## Conclusion

For all the reasons set forth herein, Appellant's conviction should be affirmed.

By The Court:

Campbell, J.

7

Commonwealth v. Jerick Mariney          Case Number: CP-51-CR-5261-2013

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing upon the person(s), and in the manner indicated above, which service satisfies the requirements of Pa.R.Crim.P.114:

Defense Counsel/Party:

> David Rudenstein, Esquire
> 220 N Centre St,
> Merchantville, NJ 08109

Type of Service:     ( ) Personal  (X) First Class Mail

District Attorney:

> Lawrence Krasner, Esquire
> Office of the District Attorney
> Three South Penn Square
> Philadelphia, PA 19107

Type of Service     ( ) Personal  (X) First Class Mail

Dated: January 30, 2018

Vanessa A. Montone
Judicial Secretary to
Honorable Giovanni O. Campbell